(80 Misc. Rep. 670.)

AYEN v. SCHMIDT.

(Supreme Court, Appellate Term, Second Department.   May 23, 1913.)

1. LANDLORD AND TENANT (§ 208*)—COVENANT TO PAY RENT—ASSIGNMENT OF LEASE.

A tenant cannot escape liability on his covenant to pay rent by assigning the balance of the term to a third person.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737, 821–831; Dec. Dig. § 208.*]

2. LANDLORD AND TENANT (§ 208*)—ASSIGNMENT OF LEASE—LIABILITY OF ASSIGNEE.

While an assignee of a lease in possession, through his privity of estate, is liable for rent so long as he remains an assignee, he may relieve himself of liability by assigning the lease to another.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737, 821–831; Dec. Dig. § 208.*]

3. LANDLORD AND TENANT (§ 208*)—LEASE—ASSIGNMENT—ACTION FOR RENT—RIGHT TO SUE—ELECTION.

Where a tenant assigned the balance of his term to another, who left the premises, but without abandonment, the landlord, at his election, could sue either for the rent, but could have but one satisfaction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737, 821–831; Dec. Dig. § 208.*]

4. LANDLORD AND TENANT (§ 198*)—FAILURE TO PAY RENT—RE-ENTRY.

Where a landlord re-enters under the lease for the tenant's failure to pay rent, he can no longer enforce the liability for rent of the tenant or his assignee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 763; Dec. Dig. § 198.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. LANDLORD AND TENANT (§ 194\*)—ASSIGNMENT OF LEASE—REMOVAL BY AS-SIGNEE—SETTLEMENT BY LANDLORD.**

　A tenant of a business building, after subletting a portion thereof, assigned the lease to another, who thereafter removed from the premises without abandoning the same, taking with him fixtures of the value of $100. The landlord, on receipt of $250 from such assignee, which was in excess of the value of the fixtures taken and the rent then due, executed a general release of the assignee from further liability for rent. He also took the keys and resumed possession. *Held* a termination of the lease, which relieved the original tenant from further liability for rent.

　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 788, 789; Dec. Dig. § 194.\*]

**6. LANDLORD AND TENANT (§ 160\*)—FIXTURES—REMOVAL—RESTORATION.**

　Where a tenant leased business premises for a specified term, he was entitled to remove fixtures or make changes, provided he restored the premises to their original condition at the end of the term; and hence the landlord had no immediate remedy for damages therefor, though under certain conditions he might re-enter and oust the tenant, or enjoin him.

　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 612–626; Dec. Dig. § 160.\*]

**7. LANDLORD AND TENANT (§ 80\*)—SUBLETTING—RE-ENTRY.**

　Where a tenant sublet a portion of the premises, then assigned the balance of his term to one who removed from the premises without abandoning them, after which the landlord re-entered, the subtenant, after the re-entry, became the tenant of the landlord.

　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 254–257; Dec. Dig. § 80.\*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Peter Ayen against Joseph Schmidt. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Argued May term, 1913, before CRANE, KAPPER, and KELBY, JJ.

Charles A. Wilson, of New York City, for appellant.

John F. Stricker, of Brooklyn, for respondent.

CRANE, J. The judgment rendered for the plaintiff herein, for the amount of rent due under the lease made to the defendant for the months of March, April, May, and June of 1912, must be reversed, and judgment given for the defendant. The case was submitted largely upon an agreed statement of facts from which the following appears:

By instrument in writing the plaintiff leased the butcher store and basement, 336 Sixth avenue, to the defendant for a period of three years from May 1, 1911, at the annual rental of $720, payable monthly, and wherein the lessee covenanted to pay the rent as it became due. In June, 1911, the defendant by writing leased the cellar or basement to one De Vita for $12 a month, and in August, 1911, assigned the lease to Charles Bossong in words following:

"For a valuable consideration I do hereby assign the within lease to Charles Bossong for balance of term.

"Dated, April 24, 1911.　　　　　　　　　　[Signed]　Joseph Schmidt.

"In the presence of Joseph Unlander."

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Bossong entered into possession, and received rent from De Vita, and paid the full amount of rent reserved in the lease to the plaintiff up to February, 1912. In that month he moved his things to a store across the way, taking with him the marble slabs, valued at about $100, out of the store windows for use in his new store. These slabs were part of the realty, which, under the terms of the lease, would have to be returned to the lessor at the end of the term, for the lease contained the following provisions:

"And it is agreed that if any rent should be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to re-enter the said premises and to remove all persons therefrom, * * * and at the expiration of the said term the said party of the second part will quit and surrender the premises hereby demised in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted."

The plaintiff was the party of the first part, and the defendant the party of the second part. After the assignee, Bossong, had moved his things to another store, the March rent was not paid, whereupon the plaintiff entered into negotiations, through his lawyer and representative, with Bossong to bring about a settlement for the removal of the marble slabs. There was also some talk about the rent, which resulted in Bossong paying to the plaintiff $250 in cash and receiving a general release for all claims due or thereafter to become due. There was only one month's rent of $60 due at the time, and the testimony is that the marble slabs were worth about $100. Thereafter, in April, 1912, correspondence was exchanged between Schmidt, the lessee, and the plaintiff's lawyer, which resulted in the keys being received by the plaintiff.

[1-3] The plaintiff brought this action against the defendant, his lessee, to recover the rent for the months of March, April, May, and June of 1912, and, as above stated, has recovered a judgment below. The defendant was liable on his covenants in his lease to pay the rent as it became due, and could not escape such liability by his assignment to Bossong. Bossong, as assignee of the lease in possession, was liable through privity of estate for the rent so long as he remained assignee; but he could relieve himself of this liability by reassignment of the lease to another. Whether he could escape liability by the mere abandonment of the premises without reassigning the lease is questionable; but there is no evidence in the case that he did abandon the premises, the agreed statement of facts being that he left the store and moved across the street. The plaintiff could have sued the defendant, Schmidt, for his rent, or the assignee, Bossong, at his election, but could have but one satisfaction. These statements of law find support in the following cases: Ranger v. Bacon, 3 Misc. Rep. 95, 22 N. Y. Supp. 551; Wallace v. Dinniny, 11 Misc. Rep. 317, 32 N. Y. Supp. 159; McKeon v. Wendelken, 25 Misc. Rep. 711, 55 N. Y. Supp. 626; Moskowitz v. Diringen, 48 Misc. Rep. 543, 96 N. Y. Supp. 173; McAdam on Landlord and Tenant (4th Ed.) p. 874; 1 Wood on Landlord and Tenant (2d Ed.) p. 740, § 336.

[4, 5] The lessor cannot receive rent or the equivalent thereof from the assignee and also recover from the lessee. Likewise, if for the

failure to pay he re-enters the premises under the terms of the lease, he can no longer hold either for the rent. If payment by the assignee relieves the lessee, a release of payment for rent due or to become due would also release the lessee. Bossong, having an assignment of the lease, and removing to another store before the term expired, and not reassigning the lease, nor having abandoned the place, might have been liable for the accruing rent. About this there might have been some question. Dorrance v. Jones, 27 Ala. 630; Sanders v. Partridge, 108 Mass. 556. The plaintiff accepted from him for a general release $250, which was in excess of the value of the slabs taken and of the rent then due. It was evidently a release, as it states, from any further liability for rent under the assigned lease, and should thereby release the lessee and the assignor; and this conclusion is further supported by those acts which amounted to a re-entry by the lessor under the lease and an election to terminate. Upon the payment of rent, the plaintiff, under the terms of the lease above quoted, had the right to take possession of the premises and end the lease. He exercised this right when he demanded from the assignee immediate payment for damage to the leased property and took the keys to the place.

[6] Schmidt, the lessee, was liable to restore the premises at the end of three years in as good condition as he had received them. During that period he could have removed the marble slabs or made changes, provided he restored the premises to their original condition at the end of his term. The lessor would have no immediate remedy for damages, although under certain conditions he might re-enter and oust the tenant, or enjoin him. There can be, however, little question but what the lessee would have the right to make such changes as could be readily restored or replaced. That the lessor sought relief at once, and accepted pay from Bossong for the changes in the removal of the slabs, indicates that the term was at an end and the premises were to be restored.

[7] The injustice of the plaintiff accepting full value for the marble slabs, which constituted a material part of the demised premises, and then compelling the lessee to pay the full amount of rent reserved by the lease for the store, which included the marble slabs, is apparent as soon as stated. If the plaintiff had leased two rooms to the defendant, and taken from an assignee full payment for the value of one which the assignee had demolished, could he collect on the lease thereafter the rent reserved for the two? I think not. De Vita, upon such re-entry, became a tenant of the plaintiff.

This judgment should be reversed, and, as there are no disputed questions of fact, judgment should be rendered for the defendant, with cost of the trial and appeal. All concur.