Desmond, J.
Special Term, holding that this complaint states no cause of action, granted the motion of defendant for judgment on the pleadings (Rules Civ. Prac., rule 112). The Appellate Division, Second Department, affirmed with a dissenting memorandum by one Justice. The holding below was that, because of the supposed applicability of the Statute of Frauds (Personal Property Law, § 31, subd. 1) and the parol evidence rule, the promise alleged in the complaint is unenforcible. We are unable to agree to that. Plaintiff is, of course, demanding performance of an agreement which was made orally with defendant, apparently never put in writing, and which was of such a nature that, under the Statute of Frauds, a writing was required for enforeibility. But, reasonably read, the complaint states grounds for reformation of the principal contract so as to include the substance of the oral covenant. As we shall show hereafter, neither the Statute of Frauds nor the parol evidence rule is a bar to the maintenance of such a suit for reformation and for enforcement on the contract if and as reformed.
We summarize the complaint’s allegations. It says on oath that in March, 1939, defendant through its vice-president solicited plaintiff to enter into an agreement whereby defendant *494 would appoint plaintiff to be defendant’s general agent in the city of New York and certain surrounding territory. In that proposed agreement as tendered by defendant to plaintiff in writing, defendant, it is alleged, offered and promised to pay plaintiff certain commissions and collection fees on policies that would be written and premiums that would be collected for defendant by plaintiff in the prescribed territory. The next allegation of the complaint is that plaintiff at first refused to sign that written agreement because it did not contain a promise, on which plaintiff insisted, that certain collection fees referred to in the proposed agreement would become “ vested ” in plaintiff. In other words, the written agreement said that plaintiff’s right to such collection fees would end when the agreement ended but plaintiff, so he now alleges, demanded a provision whereby he would be entitled to these collection fees despite and after the termination of the agreement so long as the premiums on the particular policies should continue to be paid. A further allegation of the complaint is that defendant through its vice-president then told plaintiff that it was not possible to put such a term into the written agreement but that defendant would and did agree to the term itself and would see to it that plaintiff’s right to such “vested” collection fees would be recorded and docketed in the official records of the defendant corporation.
The complaint goes on to say that, in reliance on and belief in that representation, plaintiff signed the written agreement as tendered to him without inclusion therein of this stipulation as to continuation of the collection fees beyond the expiration of the term of the written agreement. Plaintiff alleges further that on several later occasions defendant, through officers and employees, assured plaintiff that the special agreement as to those fees had in fact been recorded and docketed on the corporate books. The complaint then says that, continuing to rely on those representations, plaintiff carried on business as defendant’s agent and sold numerous policies, etc., until in 1954 defendant gave notice, as it had a right to do, that the agreement would terminate in March, 1954. In April, 1954, alleges plaintiff, defendant denied and continues to deny that there is in effect any special agreement as to the “ vesting ” of these collection fees or that any such agreement is in any way recorded in any of defendant’s records. In the complaint as *495 supplemented by the bill of particulars plaintiff sets forth the written agreement as an exhibit, gives details as to the times and places of these representations (before and after the signing of the formal document) and states that these representations were oral and not written except that in certain letters to plaintiff defendant referred to a “ special agreement with us for the payment of collection fees ”. The complaint and the bill of particulars, read together, say that plaintiff does not know whether this special agreement was ever recorded on the company’s books but that if it was not so recorded the failure to do so amounted to a fraud on plaintiff in that defendant’s officer fraudulently misstated to plaintiff an intent on which plaintiff relied, that the special agreement should be so recorded.
The answer, besides denying the making of any special agreement or any representations with respect to the recording of such a special agreement, carries as exhibits various written amendments, supplements and renewals of the original written agreement, all of which say in words or in substance that the written agreement contains all of the engagements between the parties. The answer then sets up in defense that by reason of the Statute of Frauds and the parol evidence rule no such oral agreement as is claimed by plaintiff could be put into evidence or enforced by suit.
In the prayer for judgment in his complaint plaintiff first demands that the written contract and its several amendments and supplements “be reformed so as to provide that the collection fees provided for therein shall become vested and shall not and did not cease and determine upon termination of the General Agent’s agreement ”. The further demand in the complaint is that plaintiff have judgment for the amount of the collection fees which plaintiff says were covered by the special agreement but unlawfully withheld.
Plaintiff would not have stated a cause of action had he limited himself to alleging that besides the payments set out in the formal written agreement he had a separate oral promise from defendant for the payment of other commissions. Attempted proof of such a “ side agreement ” would probably be inadmissible under the parol evidence rule. The oral agreement itself would be unenforcible under the Statute of Frauds (Personal Property Law, § 31, subd. 1) since on its face and as pleaded it would be such an agreement as could not be per *496 formed within a year or before the end of a lifetime. But this complaint contains much more than that. It says that plaintiff’s signature on the written agreement was procured from him by a fraudulent representation (see Adams v. Gillig, 199 N. Y. 314, 319; Sabo v. Delman, 3 N Y 2d 155, 160) that defendant intended to write onto its records the collateral agreement. Plaintiff asserts that he does not know whether such record was ever made but that he was at one time assured by defendant that it had been made and later told that it had not. If it is not to be found on defendant’s books, says plaintiff, its absence is due to a mutual mistake of the parties or to a mistake on plaintiff’s part and a fraud by defendant. Those are the classic grounds for reformation of an instrument in equity (Welles v. Yates, 44 N. Y. 525).
As to the alleged defenses, it is settled that neither the Statute of Frauds nor the parol evidence prohibition forbids reformation of a written contract to include material orally agreed upon but, because of mutual mistake or unilateral mistake plus fraud, not inserted in the writing. The authorities so holding are numerous and consistent (Gillespie v. Moon, 2 Johns. Ch. 585; 5 Williston on Contracts [rev. ed.], § 1552; 2 Reed on the Statute of Frauds, § 475; Browne on the Statute of Frauds [5th ed.], § 441d; Dodge v. Wellman, 1 Abb. Ct. App. 512, 515, 517; Prior v. Williams, 3 Abb. Ct. App. 624; De Peyster v. Hasbrouck, 11 N. Y. 582; Meyer v. Lathrop, 73 N. Y. 315; Friedman & Co. v. Newman, 255 N. Y. 340). The Friedman case (supra), though listing certain exceptions not here applicable, reaffirms (see 255 N. Y. 345, 346) the holding of Gillespie v. Moon (supra). The latest application of that rule in this court is Sabo v. Delman (3 N Y 2d 155, supra), the difference between the two cases being that Sabo sued for rescission while the present plaintiff prays for reformation.
Here, as always when we pass on the sufficiency of a pleading, we assume that the facts are as pleaded. If this plaintiff can establish his averments to the satisfaction of a trial court he will bring himself within an ancient doctrine of equity according to which and despite the Statute of Frauds or any other exclusionary rule “ an oral collateral promise ” may be “ so tainted with fraud that the promissor is held ” (1 Reed on the Statute of Frauds, § 32). A very old but illustrative case is Adams v. Anderson (4 Harr. & J. 558 [Md., 1819]).
*497 The judgment appealed from should be reversed and the motion for judgment on the pleadings denied, with costs in all courts.