Frank S. Samansky, J.
Plaintiffs were tenants at a portion of premises at 809 Avenue U, Brooklyn, under a lease dated May 1,1951, executed by David Scbein and another, as landlords, and Harold Buchholz and another (plaintiff's herein) as tenants. The rent reserved in said lease was $100 a month. Said lease was thereafter assigned by plaintiffs to Victor Luckner, defendant herein, by assignment dated August, 1955. The term of said lease commenced May 1, 1951 and terminated April 30, 1956, and was subsequently extended to July 31, 1960. Said assignment of lease included $200 deposited with the landlords as security thereunder, and contained a provision that:
“ Said assignee will well and truly indemnify and save harmless the assignor from all maimer of suit, actions, damages, charges and. expense, including attorney and counsel fees, that the assignor may sustain by reason of the assignee’s failure to pay the rent reserved in the said lease or by reason of the assignee’s breach of any of the terms, covenants and conditions of the lease herein assigned.
“ The assignee hereby agrees that the obligations herein assumed by the assignee shall inure jointly and severally to the landlord named in the lease herein assigned and to the assignor herein.”
Defendant vacated the premises in January, 1956. Defendant admits that on and after February, 1956 he paid no rent, asserting that he and the landlords orally agreed to surrender of said premises in presentae, not in futuro, said landlords, Schein and Poretsky, to retain the security deposited under said lease; and pursuant to such agreement said landlords accepted such surrender and accordingly changed the lock of and used said premises for their own benefit and use, after which *21 said landlords instituted an action against the plaintiffs herein to recover $100 rent for February, 1956, in which action this defendant was brought in as a third-party defendant. In said action both these plaintiffs and the defendant set up the defense of surrender and acceptance by said landlords, Schein and Poretsky. Said action, in November, 1957, was terminated without trial by a settlement between Schein and Poretsky and the plaintiffs herein for $1,200, by stipulation, such settlement being effectuated unilaterally and without the knowledge or consent of this defendant. The action was discontinued as against this defendant as third-party defendant therein.
The instant action is brought by plaintiffs to recover, not the amount of the settlement, to wit, the sum of $1,200, but the sum of $2,100 as rent. In no event could the defendant be liable for more than the amount of the settlement.
The plaintiffs herein neither alleged nor proved that such settlement made by them was culminated with the consent or knowledge of the defendant; nor did the plaintiffs allege in the complaint or offer any proof that they called upon defendant to assume his obligation.
Defendant’s answer herein sets up as a defense surrender and acceptance by the landlords, Schein and Poretsky, as hereinbefore referred to; that said settlement referred to in plaintiffs’ complaint was made without the knowledge, notice or consent of this defendant.
Plaintiffs’ assertion that the defense of surrender and acceptance is of no avail because of section 282 of the Beal Property Law, which provides that the provisions in a lease “ cannot be changed by an executory agreement unless such executory agreement is in writing,” is without merit. Here the agreement was not executory; it was executed. The cases cited by plaintiffs refer to executory agreements and not executed agreements. Consequently, if defendant could sustain his claim of an executed agreement of surrender and acceptance, he would prevail and neither defendant nor the plaintiffs would then be liable. (Ayen v. Schmidt, 80 Misc. 670; Alcon v. Kimton Realty, 2 A D 2d 454; cf. Harris v. Shorall, 230 N. Y. 343; Botique Imports v. Schainman Co., N. Y. L. J., Jan. 13, 1960, p. 13, col. 3.)
I am satisfied that the defendant’s defense, if established, would have relieved him, as well as these plaintiffs, from liability (Ayen v. Schmidt, supra).
Plaintiffs cite National Sur. Co. v. Trilby Realty Corp. (249 App. Div. 566). That case has no application. In fact, it sustains defendant’s claim. In that case the landlord *22 recovered a judgment against the assignees Who had given a bond to secure performance. The surety company, under its right of subrogation, sued the assignors. The court held that no cause of action existed and dismissed the complaint.
The plaintiffs herein could not preclude this defendant from assenting and Offering his defense by independently settling With their landlords without defendant’s knowledge or consent. Having risked settlement thusly, plaintiffs in this- action were bound to establish not only a fair settlement, but it also was incumbent üpóli them to establish defendant’s liability in the same manner that the landlords would have been obliged to establish tlieii* ease, namely, by a preponderance of evidence or other appropriate level of proof. This plaintiffs failed to do.. They rely solely on having paid their landlords $1,200 in settlement. This is not enough. It has been well established that in the interests of justice a party should not be precluded from having his day in court.
In Feuer v. Menkes Feuer, Inc., 8 A D 2d 294, the court said (p. 299):
‘1 if the indemnittee fails to notify the indemnitor, or having notified him, refuses to accept proffered assistance, he proceeds at his own risk with regard to any judgment or settlement which may ultimately enstie. Then, in Order to recover reimbursement, he must establish that he would have been liable and that there was no good defense to the liability (cases cited). * * * In this context it should be noted that the test of reasonableness applies not to the fact of liability but only to the amount that may be paid by way of settlement of Such liability. Nor is good faith alone a sufficient test ”.
As hereinbefore indicated, plaintiffs offered no evidence, as the landlords would have had to establish by a preponderance of evidence, that defendant was liable. Belying solely upon plaintiffs’ settlement with their landlords falls short of the necessary proof required of the plaintiffs herein (Feuer v. Menkes Feuer, Inc., supra).
Accordingly, I find in favor of the defendant; plaintiffs’ complaint is dismissed On the merits.