■ 185 MADISON ASSOCIATES, Appellant, v TOM RYAN, Also Known as THOMAS B. RYAN, Respondent.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 22, 1990, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, and plaintiff's motion is granted, with costs. The clerk is directed to enter judgment accordingly.

Contrary to the finding of the IAS court, there is no conflict between paragraph 40 of the lease which provides that, in the event of a subletting, the tenant, Ryan Consulting Group, Inc., remains responsible for the payment of all rents due under the lease, and the clause in Ryan Consulting Group's assignment of the lease to Robert Henkel and Associates, Inc. whereby the assignee agreed to be solely responsible for the rent. The assignment is solely an agreement between the tenant and subtenant and the plaintiff landlord's consent to the sublease did not relieve the tenant from its obligation under the lease or defendant from his personal guarantee of the tenant's full performance of the lease. It is well settled that in order to relieve the original tenant-assignor from its continuing liability after assignment, it must be expressly shown that the lessor not only consented to the assignment, but accepted the assignee in place of the tenant and such release of the tenant must either be express or implied from facts other than the lessor's mere consent to the assignment and its acceptance of rent from the assignee (74 NY Jur 2d, Landlord and Tenant, § 692). Where the lease, including defendant's guarantee, is complete upon its face, defendant's claim of a contradictory oral agreement is insufficient to create an issue of fact or defeat summary judgment. Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.