■ BARRY H. MANDEL et al., Doing Business as BLAKE-RIV

REALTY, Respondents, v Dov FISCHER, Appellant. [613 NYS2d 381] —Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered December 1, 1993, in favor of plaintiffs and against defendant in the amount of $76,217.48, inclusive of interest, costs and disbursements, and bringing up for review a prior order, same court and Justice, entered November 30, 1993, which, *inter alia,* granted plaintiffs' motion for summary judgment on their cause of action for rent and other arrears in the amount of $61,795.61 and dismissed defendant's affirmative defense and counterclaims, and denied defendant's cross-motion for leave to amend his answer, unanimously affirmed. The appeal is dismissed insofar as taken from the order as subsumed within the appeal from the judgment, with costs.

As the IAS Court correctly stated, an assignment does not release the assignor of its obligations under the assigned contract *(Rosenthal Paper Co. v National Folding Box & Paper Co.,* 226 NY 313, 326), absent an express agreement to that effect or one that can be implied from facts other than the other contracting party's mere consent to the assignment *(185 Madison Assocs. v Ryan,* 174 AD2d 461). Here, defendant's claim that he was released from paying rent under the lease with plaintiffs' decedent, which he assigned to his wholly owned corporation is based on an incorrect reading of the pertinent lease provisions and on inadequately pleaded and unproven allegations of deceit, all of which the IAS Court properly rejected. Nor does defendant show that the lease is unconscionable either substantively or procedurally *(see, Gillman v Chase Manhattan Bank,* 73 NY2d 1, 10-14), and his cause is not furthered by his failure to have read it before signing *(see, Chemical Bank v Masters,* 176 AD2d 591, 591-592).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Tom, JJ.