Joseph KHEZRIE, Plaintiff–Appellant,

v.

Charles GREENBERG, Defendant–Appellee.

Docket No. 02–7447.

United States Court of Appeals,
Second Circuit.

Dec. 26, 2002.

Kenneth M. Lieblich, Mishaan, Dayon & Lieblich (Saul A. Mishaan, on the brief), New York, NY, for Appellants.

Martin S. Rothman, Seligson, Rothman & Rothman (Michael G. Dowd, Law Office of Michael G. Dowd, on the brief), New York, NY, for Appellees.

Present JOHN M. WALKER, JR., Chief Judge, LEVAL, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

This dispute stems from a ten-year lease executed by plaintiff-appellant Joseph Khezrie and defendant-appellee Charles Greenberg in 1991. Khezrie appeals from the district court's March 26, 2002 grant of summary judgment against Khezrie's reformation claim and in favor of Greenberg's counterclaim for rents due with an award of $579,200, plus $95,760 in accumulated interest.

Summary judgment should be granted only if there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). We review a "district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party." *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 118 (2d Cir. 2001). Nevertheless, review of summary judgment "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Khezrie seeks to have the lease reformed to incorporate an oral agreement allegedly entered into by the parties prior to signing the lease and in the absence of Khezrie's counsel. The alleged agreement provided that Khezrie would be released from personal liability if he assigned the lease to a corporation of which he owned one third. New York law allows contracts to be reformed in cases of mutual mistake or fraud. *See Chimart Assocs. v. Paul*, 66 N.Y.2d 570, 498 N.Y.S.2d 344, 489 N.E.2d 231, 233 (N.Y.1986); *Brandwein v. Provident Mut. Life Ins. Co.*, 3 N.Y.2d 491, 168 N.Y.S.2d 964, 146 N.E.2d 693, 695 (N.Y. 1957). To compensate for the danger of false oral contract claims where written contracts exist, however, New York law establishes a " 'heavy presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties,' and a correspondingly high order of evidence is required to overcome that presumption." *Chimart Assocs.*, 498 N.Y.S.2d 344, 489 N.E.2d at 234 (citations omitted). To overcome this presumption against reformation, a party must offer "clear, positive and convincing evidence." *Amend v. Hurley*, 293 N.Y. 587, 59 N.E.2d 416, 419 (N.Y.1944). When the parties have clearly agreed on a provision in writing, a party's "self-serving and conclusory testimony to the contrary that is unsupported by the evidence is insufficient to raise an issue of fact to defeat summary judgment." *U.S. Russia Inv. Fund v. Neal & Co., Inc.*, No. 97 Civ. 1788, 1998 WL 557606, at *7 (S.D.N.Y. Sept. 2, 1998) (citing *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996)).

Khezrie's evidence is neither clear nor convincing. First, in his answer to Greenberg's state-court petition, he did not suggest as a defense that there had been any mistake or fraud. Rather, he waited almost one year to move to amend his answer to include this defense. In fact, Khezrie first offered specific facts to support his allegation more than four years after litigation began. Second, the only other person corroborating his allegation is his son James, and again Khezrie offers this evidence dubiously late. Third, Khezrie has submitted contradictory affidavits. While Khezrie suggested in his

March 9, 1998 affidavit that his attorney Aaron Feinberg would testify about the oral agreement and the mutual mistake, Feinberg did not testify, and Feinberg's earlier affidavit omitted any mention of an oral agreement. Khezrie now states that his counsel was "not present at the signing" of the lease. However, his earlier affidavit swore that the attorney who "represented [him] at the time the Lease was signed" would testify about the oral agreement, and Feinberg stated in his affidavit that he "represented Joseph Khezrie in the execution of the lease." At the very least, these affidavits establish that Khezrie was highly counseled throughout the negotiations, undermining his fraud claim. *See Winmar Co. v. Teachers Ins. and Annuity Ass'n of Am.*, 870 F.Supp. 524, 537–38 (S.D.N.Y.1994) (collecting cases). In sum, his evidence of an oral agreement is too weak to support either his claim of mutual mistake or fraud.

Khezrie also argues that Greenberg can pursue his claim for rents due only against the assignee GAI, and that the Civil Court's dismissal of Greenberg's claim against GAI constitutes a final judgment that bars Greenberg's claim in federal court. However, New York law permits a landlord to sue an assignor for rents due. "[A]n assignment does not release the assignor of its obligations under the assigned contract, absent an express agreement to that effect or one that can be implied from facts other than the other contracting party's mere consent to the assignment." *Mandel v. Fischer*, 205 A.D.2d 375, 613 N.Y.S.2d 381, 382 (App.Div.1994) (citation omitted); *see also 185 Madison Assocs. v. Ryan*, 174 A.D.2d 461, 571 N.Y.S.2d 244, 245 (App.Div.1991); 74A N.Y.Jur.2d Landlord and Tenant § 767 (1999) ("[T]he lessee's continued liability on his or her express covenant to pay rent is not affected by the fact that he or she assigned the leasehold with the express consent of the lessor, or that the lessor accepted the rent from the assignee.") (footnote omitted). Where a tenant assigns his lease, the landlord may "at his election" sue either the tenant-assignor or the assignee for rent due. *Ayen v. Schmidt*, 80 Misc. 670, 141 N.Y.S. 938, 940 (App.Div.1913). The district court correctly granted summary judgment in favor of Greenberg on the claims and counterclaim.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**