OPINION OF THE COURT
Per Curiam.
Appeal from order, dated May 24, 2007, deemed an appeal from the ensuing judgment, entered August 21, 2007, and so considered, judgment affirmed, without costs. Appeal from decision, dated April 3, 2007, dismissed, without costs, as taken from an nonappealable paper.
The governing 1990 commercial lease agreement required defendant tenant, who operated a laundromat at the demised premises, to pay for all utilities and services for its leased space, including water charges. In 2005, plaintiff landlord consented to an assignment of the lease, signing a consent clause contained in the assignment agreement between defendant and its assignee, which clause stated, in relevant part, that “[l]andlord represents that [tenant’s] lease is in full force and effect [and] . . . tenant is up to date in the payment of rent and all additional rents . . . including water charges.” In 2006, plaintiff commenced this plenary action for breach of lease, upon its post-assignment discovery that defendant never paid any water charges to the City of New York, a fact that was not seriously disputed at trial. On defendant’s appeal, we affirm the judgment in plaintiffs favor, rejecting, as did Civil Court, defendant’s argument that plaintiff’s consent to the assignment was conclusive evidence that the water charges had been paid.
“[A]n assignment does not release the assignor of its obligations under the assigned contract . . . absent an express agreement to that effect or one that can be implied from facts other than the other contracting party’s mere consent to the assignment” (Mandel v Fischer, 205 AD2d 375 [1994] [citation omitted]; see also 185 Madison Assoc. v Ryan, 174 AD2d 461 [1991]). Here, plaintiffs acknowledgment in the consent clause included in the assignment agreement that defendant was “up to date” *26 in the payment of water charges should not be read, for all purposes, as a blanket release insulating defendant from liability for its obligations otherwise shown to be due under the lease. The acknowledgment, made in connection with plaintiffs approval of defendant’s assignment request and ostensibly for the benefit of the lease assignee, does not “unmistakably or unequivocally establish [plaintiffs] intentional relinquishment of [a] known right” (Padell Nadell Fine Weinberger & Co. v Midtown Realty Co., 245 AD2d 188, 189 [1997]) to seek reimbursement from defendant of the unpaid water charges undisputedly owed. Moreover, inasmuch as defendant was obviously aware of its own nonpayment of water charges, it cannot claim prejudice in its purported reliance upon plaintiff’s acknowledgment that such payments were “up to date” (see generally NHS Natl. Health Servs. v Kaufman, 250 AD2d 528 [1998]).
We have considered defendant’s remaining arguments and find them lacking in merit.
McKeon, EJ., Schoenfeld and Heitler, JJ., concur.