116 John Street Owner, LLC, Petitioner-Landlord-Respondent, 
against
Chea Kim and Su Kim c/o Fulton Street Art Gallery, Inc., Respondents-Tenants-Appellants, -and- "XYZ Corp.," Respondent-Occupant.



Tenants appeal from an order of the Civil Court of the City of New York, New York County (Nancy M. Bannon, J.), entered September 23, 2013, which denied their motion to vacate a default judgment in a holdover summary proceeding. Per Curiam.




Order (Nancy M. Bannon, J.), entered September 23, 2013, modified to the extent of vacating the monetary portion of the default final judgment and remanding the matter for a new inquest on damages and entry of an amended final judgment; as modified, order affirmed, with $10 costs.
Tenants' motion to vacate the default final judgment for lack of jurisdiction was properly denied. The affidavit of service demonstrates that substituted service was properly made pursuant to RPAPL 735(1), by delivery of the papers to an employee of the subject art gallery (see 113 Downtown LLC v. B & G Enterprises of Staten Island Inc., 2002 NY Slip Op 50355[U] [App Term, 1st Dept 2002]). Tenants' conclusory assertions were insufficient to require a hearing or to support a conclusion of improper service (see Matter of de Sanchez, 57 AD3d 452, 454 [2008]).
Civil Court also providently exercised its discretion in denying tenants' CPLR 5015(a)(1) motion to vacate their default as to liability, since they did not demonstrate a reasonable excuse for their substantial (eighteen-month) delay in moving for such relief (see Caba v Rai, 63 AD3d 578, 581-582 [2009]). Tenants also failed to demonstrate a meritorious defense based upon the terms of an unsigned and undated "assignment and assumption of lease" and guarantee (see 185 Madison Assoc. v Ryan, 174 AD2d 461 [1991]), which, in any event, made tenants "fully and primarily liable" to landlord for the "obligations under the lease." Nor did tenants submit any evidence whatsoever indicating that landlord expressly or impliedly agreed to release them from [*2]their obligation to pay rent (see 1689 First Ave., Inc. v Zhifeng Zheng, 25 Misc 3d 24, 25 [App Term, 1st Dept 2009]).
Nevertheless, in the exercise of our inherent authority to review the amount of damages awarded on default (see Quigley v Coco's Water Café, Inc., 43 AD3d 1132, 1133 [2007]), we remand the matter to Civil Court for a new inquest on damages. The monetary portion of the final judgment appears to be excessive, given the amount of rent set forth in the lease and the monthly tenancy, and there is no indication how the award was calculated (see Gecaj v Gjonaj Realty & Mgt. Corp., 149 AD3d 600, 608 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 30, 2018