Medina v 676 Hunts Point Realty Corp. (2021 NY Slip Op 06924)





Medina v 676 Hunts Point Realty Corp.


2021 NY Slip Op 06924


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Index No. 28376/16E Appeal No. 14810 Case No. 2021-00455 2021-01880 

[*1]Lourdes Medina, Plaintiff-Respondent,
v
676 Hunts Point Realty Corp., Defendant-Appellant-Respondent, GMH Park Inc., Defendant-Respondent-Appellant, 515 Tiffany St. Realty LLC, et al., Defendants, FDD Enterprises, Inc., Defendant-Respondent. 


Miranda Slone Sklarin Verveniotis LLP, Mineola (Steven Verveniotis of counsel), for appellant-respondent.
Devitt Spellman Barrett, Smithtown (Christi Kunzig of counsel), for respondent-appellant.
The Housenbold Law Firm, New York (Scott R. Housenbold of counsel), for Lourdes Medina, respondent.
DeSena & Sweeney, LLP, Bohemia (Ronni Robbins Kravatz of counsel), for FDD Enterprises Inc., respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 18, 2020, which denied defendant 676 Hunts Point's motion for summary judgment on its cross claims for contractual and common-law indemnification against defendants FDD Enterprises Inc. and GMH Park Inc., granted FDD's cross motion for summary judgment dismissing all claims as against it, and denied GMH's cross motion and motion for summary judgment dismissing the cross claims against it and dismissing the second amended complaint against it, unanimously modified, on the law, to grant GMH's cross motion for summary judgment dismissing the cross claims asserted against it by 676 Hunts Point, and otherwise affirmed, without costs.
The court correctly denied owner 676 Hunts Point's motion for summary judgment on its cross claims for contractual indemnification against the tenant defendants. Contrary to the owner's contention, the relevant lease provisions do not include the adjacent sidewalk as part of the demised premises leased to the tenant, nor otherwise transfer responsibility to the tenant for repair of the sidewalk adjacent to the subject premises (see e.g. Alayev v Juster Assoc., LLC, 122 AD3d 886, 887-888 [2d Dept 2014]).
Furthermore, the owner is not entitled to summary judgment on its cross claims for common-law indemnification here based on the decision in Tower Ins. Co. of N.Y. v Leading Ins. Group Ins. Co., Ltd. (134 AD3d 510 [1st Dept 2015]). In that case, this Court found that even if the lease did not make clear that the demised premises included the adjacent sidewalk such that the tenant's additional insured endorsement covered claims arising out of a sidewalk defect, the endorsement would give the landlord coverage for accidents outside the demised premises on abutting sidewalks and entitle it to a coverage declaration against the insurer regarding a duty to defend or indemnify. To the extent applicable to a claim for indemnification directly against a tenant, the logic in that case would not apply here, where the lease makes clear that the demised premises did not include even the sidewalk in front of the premises and the alleged accident occurred on a portion of the sidewalk that was not necessary to, or used as, the entrance and exit of the premises.
Given the above, both GMH and FDD are entitled to summary judgment dismissing the owner's cross claim for contractual indemnification. They are also entitled to summary judgment dismissing the owner's third cross claim, for common-law indemnification/contribution, as abandoned. 676 Hunts Point's argument on appeal addresses only a basis for contractual indemnification and does not provide any basis for sustaining the common-law cross claim based on the unsupported allegation that the defective sidewalk condition, alleged by plaintiff to have resulted in the incident, was caused by the acts/omissions of tenant. For these reasons, and not based on the agreement to assign the lease, which did not include [*2]a clear release provision (see 185 Madison Assoc. v Ryan, 174 AD2d 461 [1st Dept 1991]), the cross claims against FDD are also dismissed.
The court properly denied GMH's motion for summary judgment to dismiss plaintiff's claims against it, as discovery may still provide a basis for finding tenant involvement with or responsibility for the structural sidewalk defect alleged to have caused plaintiff's accident.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021