Trigon 52 L.L.C. v SDKD Enters., Inc. (2022 NY Slip Op 02217)





Trigon 52 L.L.C. v SDKD Enters., Inc.


2022 NY Slip Op 02217


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Oing, Scarpulla, Shulman, Higgitt, JJ. 


Index No. 655105/20 Appeal No. 15626 Case No. 2021-03943 

[*1]Trigon 52 L.L.C., Plaintiff-Appellant-Respondent,
v
SDKD Enterprises, Inc. et al., Defendants-Respondents-Appellants.


Cyruli Shanks & Zizmor LLP, New York (James E. Schwartz of counsel), for appellant-respondent.
Stradley Ronon Stevens & Young, LLP, New York (Eric B. Porter of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Laurence Love, J.), entered on or about October 18, 2021, which denied the parties' respective motions for summary judgment, unanimously affirmed, without costs.
In this action for breach of a commercial lease and unpaid rent, plaintiff landlord failed to establish as a matter of law that the parties' 2015 lease modification was not part of the corporate defendant's windup activities, which would permit the plaintiff to ignore the corporate form and hold the individual defendant personally liable under the lease (see e.g. A. A. Sutain, Ltd. v Montgomery Ward & Co., 22 AD2d 607, 609 [1st Dept 1965], affd 17 NY2d 776 [1966]). Nothing in Business Corporation Law §§ 1005 or 1006, precludes a corporation from entering into a lease modification for the purpose of winding up its business (Business Corporation Law § 1005 [a] [2]).
Defendants demonstrated that plaintiff participated in drafting documents relating to the assignment of the corporate defendant's lease within weeks of the parties' execution of the 2015 lease modification, which expressly permitted the corporate defendant to assign the lease to the nonparty assignee. Although the corporate defendant had dissolved in 2013, "where a dissolved 'corporation carries on its affairs and exercises corporate powers as before, it is a de facto corporation . . . and ordinarily no one but the state may question its corporate existence'" (Nichols v Curtis, 104 AD3d 526, 527 [1st Dept 2013]). On this record, it cannot be said that entering into the 2015 lease modification was not part of the corporate defendant's winding up of its affairs.
With respect to the issue of whether the corporate defendant continued to be liable for unpaid rent after assignment of the lease, a release by plaintiff "must either be express or implied from facts other than [plaintiff's] mere consent to the assignment and its acceptance of rent from the assignee" (185 Madison Assoc. v Ryan, 174 AD2d 461, 461 [1st Dept 1991]). Defendants maintain that such implied release took place, pointing to the language in the assignment, which plaintiff had a role in drafting, stating that the assignee assumed all of the corporation's obligations under the 2015 lease modification, plaintiff's acceptance of the assignee's letter of credit and release of defendant's security, and a 2019 tenant estoppel certificate which stated that the lease as assigned represented the entire agreement between the assignee and plaintiff, with no mention of defendants. While these facts establish that the assignee assumed all of the corporation's obligations, they fall short of establishing as a matter of law that such assumption was an implied release of the corporation's obligations to plaintiff under the lease. Accordingly, a trial is necessary to determine whether the totality of the circumstances constitute an implied release of the corporate defendant's obligations under the 2015 lease modification (see 185 Madison [*2]Assoc. v Ryan, 174 AD2d at 461).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022