| |
|---|
| **Lopez v Belmont Holding LLC** |
| 2025 NY Slip Op 32802(U) |
| August 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158088/2020 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. SABRINA KRAUS**                   PART                    57M

*Justice*

-------------------------------------------------------------------------------X

EDINSON LOPEZ,                                          INDEX NO.        158088/2020

                            Plaintiff,                 MOTION DATE      04/30/2025

            - v -                                      MOTION SEQ. NO.      001

BELMONT HOLDING LLC, NEW YORK QUALITY
HEALTHCARE CORPORATION, NEW YORK STATE
CATHOLIC HEALTH PLAN INC. D/B/A FIDELIS CARE            **DECISION + ORDER ON**
NEW YORK, REDWOOD REALTY GROUP INC.,                          **MOTION**

                            Defendants.

-------------------------------------------------------------------------------X

BELMONT HOLDING LLC                                         Third-Party
                                                     Index No.  595172/2023
                            Plaintiff,

            -against-

NEW YORK STATE CATHOLIC HEALTH PLAN, INC. D/B/A
FIDELIS CARE NEW YORK

                            Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

## BACKGROUND

Plaintiff commenced this action seeking damages for personal injuries he alleges he

suffered when on July 7, 2020, he tripped and fell on a sidewalk located at 100-102 Post Avenue,

New York, New York.

[* 1]

## PENDING MOTION

On May 21, 2025, New York Quality Healthcare Corporation ("NYQH") and New York State Catholic Health Plan, Inc. s/h/a New York State Catholic Health Plan, Inc. d/b/a Fidelis Care New York ("NYSCHP"), moved for summary judgment plaintiff's complaint and all cross-claims asserted against them.

On July 16th, 2025, the motion was marked submitted and the Court reserved decision.

Plaintiff submitted no opposition to the motion. Therefore, plaintiff's complaint is dismissed as against NYQH and NYSCHP. Additionally, there are no cross-claims or third party claims asserted against NYQH.

The remainder of the relief as to the crossclaims by Redwood Real Estate Group s/h/a Belmont Holding LLC (Belmont), is addressed below.

## ALLEGED FACTS

On June 7, 2020, Plaintiff tripped and fell on a broken, cracked and uneven sidewalk adjacent to the premises located at 100-102 Post Avenue, New York, New York (Subject Premises), thereby causing him to sustain personal injuries. Plaintiff identified the cause of his fall as a one-inch difference in height on a grey patch on part of the sidewalk.

Belmont received notice of the subject sidewalk defect from Belmont's superintendent. Belmont requested and received a proposal from third-party contractor, Newmark Contracting, to repair the subject sidewalk two days after the subject accident. Belmont also entered into a contract with Newmark Contracting to repair the subject sidewalk following the accident Following the accident, Newmark Contracting replaced certain sidewalk flags at Belmont's request, including the sidewalk flag involved in plaintiff's accident, and provided Belmont with

**158088/2020  LOPEZ, EDINSON vs. BELMONT HOLDING LLC**
**Motion No.  001**

**Page 2 of 8**

[* 2]

2 of 8

photographs depicting the completed work. NYQH had no involvement with repairing the subject sidewalk after the accident.

Belmont owns the Subject Premises pursuant to a deed dated August 2, 1996.[1] Belmont also manages the Subject Premises.

Pursuant to a lease executed in August 2014, Belmont rented the Ground Floor Unit known as Ground Floor Unit #3 at the Subject Premises to NYSCHP for a term through and including 2017 (NYSCEF Doc # 37).

Article 44 of the lease provides in pertinent part:

Landlord agrees to keep and maintain the sidewalk abutting and adjacent to the Premises for a distance of 50 feet on either side of the Premises free from an accumulation of ice and snow. Tenant agrees to keep the sidewalk abutting and adjacent to the Premises for a distance of 50 feet on either side of the Premises clean and in good repair. free from an accumulation of dirt.

Article 17 of the lease provides in pertinent part:

Tenant agrees that this Lease will not be sold, assigned or transferred without the prior written consent of the Landlord. Requests to sublease or assign will only be considered if Tenant is not in default of any of the terms of this Lease. Any purported sale, transfer, assignment, sublease and/or license commenced without such consent shall be null and void. Landlord's consent to such subletting and/or assignment will not be unreasonably withheld. …

Tenant covenants and agrees that notwithstanding any subletting or acceptance of Rent or Additional Rent by Landlord from any subtenant, Tenant shall and will remain fully liable for the payment of all Rent and Additional Rent due or to become due hereunder and for the performance of all the covenants, agreements, terms, provisions and conditions hereunder on the part of the Tenant to be performed.

Article 18 of the lease provides:

A precondition to any assignment, sublease, underletting and/or transfer of this Lease shall be (a) that Tenant is not and has not been in default of any portion of this Lease at any time during the term, (b) the execution and delivery to Landlord of a document evidencing such assignment, sublease, underlease and/or transfer of this Lease

---

[1] The Court takes judicial notice of the deed indicating ownership as listed on ACRIS at Block 222 Lot 41. *Juman v. Cape Church Assocs., LLC*, 234 A.D.3d 551, 552 (1st Dept., 2025)

158088/2020   LOPEZ, EDINSON vs. BELMONT HOLDING LLC                                  Page 3 of 8
Motion No.  001

3 of 8

[collectively "transfer document"], which transfer document shall state for the benefit of Landlord that the assignee and/or transferee assumes all of the obligations and duties of the Tenant hereunder, (c) the proposed assignee and/or undertenant shall demonstrate to Landlord's reasonable satisfaction that It is financially capable of meeting the obligations of this Lease, and (d) the transfer document shall not cause Landlord any cost, including but not limited to legal and accounting fees, all of which are to be borne by Tenant. If this Lease is assigned and/or underleased and Landlord consents to such assignment or underletting of this Lease, Tenant covenants and agrees to pay a managing agent a fee equal to one (I) month's Base Rent and Additional Rent

There were three subsequent modifications to the lease.  The first is not provided by the parties but apparently expanded the premises leased by NYSCHP to include ground floor unit #2 at the Subject Premises. The second changed some terms, not pertinent to the issues raised herein, but provided the balance of the terms of the Lease as modified by the Lease Modification remain unchanged and continue (NYSCEF Doc # 38). No executed copy of the third lease modification is in the record.  However, the lease past the date of the accident that is the subject of this lawsuit.

NYSCHP alleges that prior to July 2, 2018, NYSCHP did business as Fidelis Care New York and that on July 2, 2018, NYSCHP closed a transaction (the "Asset Sale") whereby it sold substantially all of its assets to non-party, Centene Corporation. NYSCHP further alleges that concurrently with the closing of the Asset Sale, NYSCHP entered into an Assignment and Assumption of Lease (the "Assignment") with Centene Management Company, LLC ("Centene"), whereby NYSCHP assigned, and Centene assumed, all of NYSCHP's rights and obligations under the Lease Agreement between Belmont and NYSCHP (Ex A to NYSCEF Doc # 85).

Fidelis Care through its President and COO then sent Belmont a letter dated January 23, 2018, which provided in pertinent part:

**158088/2020   LOPEZ, EDINSON vs. BELMONT HOLDING LLC**                     **Page 4 of 8**
   **Motion No.  001**

4 of 8

[* 4]

For nearly 25 years the mission of Fidelis Care has led us to be a high-quality health plan that is a health care partner, neighbor, and friend in communities across New York State. This is our mission and the center of everything we do.

Recently, after a comprehensive review of strategic options by our Board of Directors and executive management team, it was announced that we have reached an agreement with Centene Corporation ("Centene"), a Fortune 500 company, pursuant to which Centene (or one or more of its subsidiaries) will acquire substantially all of Fidelis Care's assets, including Fidelis Care's health insurance license and operations in New York State. Upon completing the transaction, which is expected to occur in early 2018, Fidelis Care will become part of the Centene family of health plans. Centene will maintain Fidelis Care's name, management team and staff with respect to the Fidelis Care health insurance operations.

Fidelis Care's operations are expected to remain at the local level. As a result, we do not anticipate that the transaction will result in notable impact to our day to day interactions with your organization.

Because the Lease may be construed as requiring your consent to an assignment of the Lease to Centene Management Company, LLC as a result of the transaction, please acknowledge your receipt of this notice and consent to the intended assignment of the Lease pursuant to the proposed form of the assignment of the Lease enclosed with this letter by signing below where indicated and returning a copy to Mark Griffith at MGriffith@fideliscare.org.

Notwithstanding the submission of the enclosed, please note that the assignment will only become effective upon the closing of the transaction, which would occur if and when the approval of the transaction by the New York State Department of Health ("DOH") is obtained. Accordingly, no assignment or transfer shall take effect until Fidelis Care notifies you in writing that it has received the required approval from DOH.

In order to ensure a smooth transition, please sign one copy of this letter where indicated below and return via email to MGriffith@fideliscare.org on or before February 26,2018. If you have any specific questions related to this notice or the upcoming transition, please contact Warren S. Sacks, Esq. at (914) 428-8300 or wsacks@sackslawgroup.com.

Martin Levine, President of Belmont, on January 31, 2018, signed that Belmont agreed and accepted the proposed assignment.

158088/2020   LOPEZ, EDINSON vs. BELMONT HOLDING LLC                     Page 5 of 8
Motion No.  001

5 of 8

## DISCUSSION

Summary judgment is a drastic remedy reserved for those cases where there is no doubt as to the existence of material and triable issues of fact. *Sillman v Twentieth Century–Fox Film Corp.,* 3 NY2d 395, 404 (1957).

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d 966, 967 (1988).

In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

The Court finds that NYSCHP has failed to make out a *prima facie* showing of entitlement to judgment as a matter of law.

> It is well settled that in order to relieve the original tenant-assignor from its continuing liability after assignment, it must be expressly shown that the lessor not only consented to the assignment, but accepted the assignee in place of the tenant and such release of the tenant must either be express or implied from facts other than the lessor's mere consent to the assignment and its acceptance of rent from the assignee (74 N.Y.Jur.2d, Landlord and Tenant, § 692).

*185 Madison Assocs. v. Ryan*, 174 A.D.2d 461, 461 (1st Dept., 1991); *see also Mandel v. Fischer*, 205 A.D.2d 375 (1st Dept., 1994).

[* 6]

Here movant failed to make a *prima facie* showing that that there was an express release by Belmont of NYSCHP's obligations under the lease after the assignment. NYSCHP further failed to establish as a matter of law that such consent could be implied from facts other than the lessor's mere consent to the assignment.

WHEREFOR it is hereby:

ORDERED that the motion of defendants New York Quality Healthcare Corporation and New York State Catholic Health Plan Inc. d/b/a Fidelis Care New York to dismiss plaintiff's complaint herein as against them is granted and the complaint is dismissed in its entirety as against said defendants, with costs and disbursements to said defendants as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendants; and it is further

ORDERED that the balance of the relief sought in the motion is denied; and it is further

ORDERED that plaintiff's action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

**158088/2020   LOPEZ, EDINSON vs. BELMONT HOLDING LLC**     **Page 7 of 8**
 **Motion No.  001**

7 of 8

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

This constitutes the decision and order of the Court.

202508141329 50SBKRAUS1204BEEBC2744BD19483DD21EA5F3E6F

_____
**8/14/2025**
**DATE**

_____
**SABRINA KRAUS, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

158088/2020   LOPEZ, EDINSON vs. BELMONT HOLDING LLC                                    Page 8 of 8
Motion No.  001

8 of 8

[* 8]