■ 510 JOINT VENTURE, Appellant, v SOLCOOR, INC., Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Brown, J.), entered February 21, 1990, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment in favor of the plaintiff in the principal sum of $36,500.66, and for a hearing and determination of the amount of attorneys' fees due to the plaintiff.

On August 23, 1983, the parties entered into a written lease for office space at 510 Broadhollow Road in Melville. The lease provided that the term was to commence on September 1, 1983, and end on August 31, 1988, with an option to renew for an additional five-year period from September 1, 1988, through August 31, 1993. The lease further provided that if the premises were not ready for occupancy by September 1, 1983, then the plaintiff landlord would notify the defendant tenant upon substantial completion and the lease would expire five years from the last day of the month in which the premises were substantially completed. By letter dated November 10, 1983, the landlord notified the tenant that the

premises would be substantially completed on November 15, 1983, and the lease would run through November 14, 1988. By letter dated November 16, 1983, the tenant's counsel acknowledged receiving the landlord's letter but notified the landlord that it appeared that the leased premises would not be substantially completed and the term of the lease could not commence until December 1, 1983. By letter dated November 29, 1983, the landlord informed the tenant that it considered the term of the lease as having commenced on November 15, 1983.

In late 1987, the tenant decided that it did not wish to exercise the renewal option, and leased new space commencing on September 1, 1988. In early 1988, the tenant notified the landlord that it would not be renewing the lease and would be leaving on August 31, 1988. The landlord did not inform the tenant that the lease ran until November 14, 1988, and it would be liable for rent until that time, although, in a letter dated August 12, 1988, the landlord informed the tenant that if it removed certain plumbing and kitchen fixtures it would be in violation of the lease.

In November 1988 the landlord commenced the instant action to recover rent and other charges from the tenant, alleging that the tenant abandoned the leased premises on August 31, 1988, prior to the expiration of the lease on November 14, 1988. The tenant answered that it had informed the landlord of its belief that the lease expired on August 31, 1988, but the landlord remained silent and thus misled them with respect to the correct expiration date.

Contrary to the Supreme Court's conclusion, we find that the lease provisions in question are clear and unambiguous and do not raise questions of fact regarding what the parties intended the expiration date to be. The lease clearly provided that if the premises were not substantially completed the term would not commence on September 1, 1983, but would commence on the date the premises were substantially completed. The tenant's argument that, in the absence of notification to the contrary, it mistakenly believed the term commenced on September 1, 1983, and expired on August 31, 1988, is disingenuous. The tenant's attorney acknowledged receiving the landlord's notification letter and argued that the term would not commence until December 1, 1983.

Furthermore, there are no triable issues of fact regarding waiver. The landlord did not waive its right to enforce the expiration date provision of the lease because the lease con-

tained a clear and unambiguous "no-waiver" clause agreed to by the parties *(see, Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442, 446; Bethpage Theatre Co. v Shekel, 133 AD2d 62).* Although "no-waiver" clauses may themselves be waived, the circumstances of the instant case do not establish such a waiver *(see, e.g., TSS-Seedman's, Inc. v Elota Realty Co., 72 NY2d 1024, 1027; Atkin's Waste Materials v May, 34 NY2d 422; Lee v Wright, 108 AD2d 678, 679).*

We further find that the landlord was not estopped from enforcing the provision of the lease regarding the expiration date. The landlord was not obligated to communicate anything to the tenant either when it first learned of the tenant's misimpression of the expiration date or in its August 12, 1988, letter detailing possible lease violations *(see,* 57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 28, at 43).

We have reviewed the tenant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.