■ KAYGREEN REALTY CO., Respondent, v LLOYD M. GOLDMAN et al., Appellants. [647 NYS2d 558] —In an action for a judgment declaring that the plaintiff was not in default of its lease and that it validly exercised its option to renew the lease, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Lonschein, J.), dated January 4, 1994, as

granted the plaintiff's motion for summary judgment and declared that the plaintiff was not in default of its lease and that it validly exercised its option to renew the lease for the period commencing January 1, 1994.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff Kaygreen Realty Co. leased certain premises from the defendants pursuant to a lease which provided for several renewal options. With respect to the rent for the renewal option commencing January 1, 1979, the parties' predecessors in interest entered into a "supplemetal indenture" agreement which, among other things, provided for escalating rental increases during the renewed term. However, paragraph 4 of the supplemental indenture provided, *inter alia,* that if certain store premises remained vacant "at any time" between December 31, 1983, and December 31, 1993, there would be no automatic rent increase, and that "Tenant shall have the right to renegotiate the fixed annual rent".

There is no dispute that the premises were vacant during a portion of the above-noted period. The record further reveals that the defendants never sought any additional rent, as provided for in the supplemental indenture, until the plaintiff sought to exercise its option to renew the lease again in 1991. At that juncture, the defendants claimed for the first time that the increases set forth in the supplemental indenture were due and owing. The plaintiff countered by arguing that the indenture increases never become operative since a vacancy within the meaning of paragraph 4 had occurred. The Supreme Court found for the plaintiff. We affirm.

Since there was a vacancy within the stipulated period, paragraph 4 of the supplemental indenture was applicable, thereby precluding application of the escalating rental amounts set forth therein. We find unpersuasive the defendants' argument that the indenture states only that the schedule of rent increases would not "automatically" become effective when there is a vacancy, and that the parties intended the suspension of rental increases to be contingent upon, *inter alia,* the plaintiff's affirmative act of renegotiating the rental amounts that would have been applicable had no vacancy occurred.

Contrary to the defendants' contentions, the supplemental indenture does not state that the suspension of rental increases would be contingent upon whether the plaintiff affirmatively sought renegotiation of the rental amounts. Nor does the supplemental indenture limit the cessation of increases to the period during which the vacancy existed. We note that the

defendants themselves never sought any increased rents based upon these theories during the lease term, establishing a practical construction of the agreement at odds with their presently asserted contentions (*cf., CBS Inc. v P.A. Bldg. Co.,* 200 AD2d 527).

The defendants contend that the result reached by the Supreme Court is illogical, but it is not for the court to rewrite the parties' agreement (*cf., Matter of Wallace v 600 Partners Co.,* 86 NY2d 543, 548). It is well settled that "parties are free to make their contracts and courts do not serve as business arbiters between parties in approximately equal stances" (*CBS Inc. v P.A. Bldg. Co., supra,* at 527; *see also, Tantleff v Truscelli,* 110 AD2d 240, *affd* 69 NY2d 769). We have reviewed the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Joy, Altman and Hart, JJ., concur.