■ RENALI REALTY GROUP 3, LLC, Respondent, v ROBBINS MBW CORP., Appellant. [686 NYS2d 855] —In an action, *inter alia*, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Silverman, J.), dated February 27, 1998, which granted the plaintiff's motion for partial summary judgment on the issue of liability and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 1986 the defendant's predecessor-in-interest rented com-

mercial space from the plaintiff's predecessor-in-interest. The lease provided that the premises could be subleased only with the written consent of the landlord and upon the satisfaction of certain conditions. Paragraph 23 of the lease further provided, *inter alia*, that upon the tenant's eviction pursuant to a summary proceeding, the tenant remained liable for the rent for the duration of the lease term. The lease was guaranteed by the defendant.

In 1994 the defendant notified the plaintiff that it intended to sublease the premises; however, it never obtained the plaintiff's written consent. The plaintiff continued to accept rent from the defendant for a short period after the subtenant allegedly gained possession. When the defendant ceased to pay rent, however, the plaintiff commenced a separate summary proceeding in the Civil Court and obtained a judgment for possession.

Contrary to the defendant's contention on appeal, since it is undisputed that it ceased to pay the rent and failed to comply with the conditions precedent to subleasing the premises, the court did not err in determining that the plaintiff was entitled to partial summary judgment on the issue of liability (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Holy Props. v Cole Prods.,* 87 NY2d 130, 134; *510 Joint Venture v Solcoor, Inc.,* 177 AD2d 465). Furthermore, there is no triable issue of fact regarding waiver. The plaintiff did not waive its right to enforce the lease provisions by accepting rent for several months, since the lease contained a clear and unambiguous "no-waiver" clause (*see, 510 Joint Venture v Solcoor, Inc., supra,* at 466-467).

The defendant's remaining contentions are either unpreserved for appellate review or without merit (*see,* CPLR 4017; *De Long v County of Erie,* 60 NY2d 296, 306). S. Miller, J. P., Santucci, Krausman and Luciano, JJ., concur.