■ DUANE READE, Appellant, v KINGSLAND ASSOCIATES, Respondent. [716 NYS2d 61] —In an action, inter alia, for a judgment declaring, among other things, that the defendant waived a provision in a lease prohibiting the plaintiff from selling food for off-premises consumption, the plaintiff appeals from (1) a decision of the Supreme Court, Queens County (Schmidt, J.), dated January 7, 2000, and (2) an order of the same court, dated May 23, 2000, which, inter alia, granted the defendant's motion for partial summary judgment, among other things, declaring that the plaintiff is prohibited from selling food for off-premises consumption other than candies, cookies, confections, and ice cream.

Ordered that the appeal from the decision is dismissed as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

It is undisputed that the agreement between the plaintiff, Duane Reade, and the defendant, Kingsland Associates, contained a provision that the plaintiff, as tenant, would not sell food for off-premises consumption, except for candies, cookies, confections, and ice cream. It is also undisputed that Duane Reade, in fact, sold food for off-premises consumption, other than those permitted by the lease. Accordingly, the Supreme Court properly granted the defendant's motion, *inter alia*, for partial summary judgment declaring that the plaintiff is prohibited from selling food for off-premises consumption, except for candies, cookies, confections, and ice cream (*see, Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548; *Weiner v Anesthesia Assocs.*, 203 AD2d 454).

In addition, the Supreme Court properly determined that the nonwaiver provisions included in the lease agreement were enforceable and therefore the defendant had not waived compliance with that provision which prohibited the plaintiff from selling food for off-premises consumption (*see, Renali Realty Group 3 v Robbins MBW Corp.*, 259 AD2d 682).

The plaintiff's remaining contention is without merit. Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.