■ IG Second Generation Partners, LP, et al., Respondents-Appellants, v Kaygreen Realty Co., Appellant-Respondent. [802 NYS2d 203]—

In an action, inter alia, for specific performance and for a judgment declaring that the defendant is obligated to participate in the appraisal procedure set forth in the subject lease to determine the rental amount for the current lease term, the defendant appeals from so much of an order of the Supreme Court, Queens County (Golar, J.), dated November 18, 2003, as denied that branch of its cross motion which was for summary judgment dismissing the second, third, and fourth causes of action and, in effect, for summary judgment on its counterclaim declaring that it is not obligated to participate in the appraisal procedure set forth in the subject lease, and the plaintiffs cross-appeal from so much of the same order as denied their motion, inter alia, for summary judgment on the complaint and, in effect, for summary judgment on the defendant's counterclaim declaring

that the defendant is obligated to participate in the appraisal procedure set forth in the subject lease.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action and, in effect, for summary judgment on the counterclaim declaring that the defendant is obligated to participate in the appraisal procedure set forth in the subject lease and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Queens County, for the entry of an interlocutory judgment declaring that the defendant is obligated to participate in the appraisal procedure set forth in the subject lease to determine the rental amount for the current lease term and directing the defendant to participate in such appraisal procedure, and, upon completion of the appraisal procedure, for further proceedings on the plaintiffs' remaining causes of action; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs and the defendant are the successors-in-interest to the landlord and the tenant, respectively, under a certain lease agreement dated February 11, 1948, entered into between R.H. Macy & Co., Inc., as landlord, and Jamkay Realty Corp., as tenant, as amended by a supplemental indenture dated January 1, 1979 (hereinafter the lease). The lease was renewed on several occasions, most recently for a term of 15 years which began on January 1, 1994, and is scheduled to end on December 1, 2008 (hereinafter the renewal term). From 1991 through 1996, however, the landlord challenged the defendant's right to renew the lease, and sought to terminate it based on the defendant's alleged default in paying the correct amount of rent. The matter was finally resolved in the defendant's favor by decision and order of this Court dated September 30, 1996 (*see Kaygreen Realty Co. v Goldman*, 231 AD2d 682 [1996]).

Thereafter, the landlord turned to the question of the appropriate rent to be paid by the defendant for the renewal term. Article XXV, § 4 (a) of the lease provided, in relevant part, that the amount of annual rent to be paid by the defendant during the renewal term "shall be the *larger* of (1) the fair rental value of the land demised by this lease at the time of the appraisal, appraised as if it were vacant and excluding all value pertaining to any building thereon . . . or (2) the amount of rent payable annually by the Tenant at the end of the immediately preceding term of this lease" (emphasis added).

Article XXV, § 4 (b), further provided that, at least 22 months prior to the effective date of the renewal term, the parties were required to confer with each other to agree upon a revised rent and, if no agreement could be reached 18 months prior to the beginning of the renewal term, then each party was to select an appraiser—to be joined, if need be, by a third appraiser selected by the first two—to determine the "fair rental value" and the "fair market value" of the demised land.

Because of the protracted litigation surrounding the challenge to the defendant's most recent exercise of its right to renew, the parties never determined the fair rental value and the fair market value of the demised land. However, since the defendant's right to extend the lease until 2008 was settled, the plaintiffs now seek, inter alia, to enforce the procedure set forth in article XXV, § 4 (b) of the lease to determine the rental amount payable by the defendant during the renewal term. The defendants, in contrast, contend that the plaintiffs have, in effect, forfeited their right to any increase in rent during the entire renewal term.

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the first cause of action and, in effect, for summary judgment on the counterclaim declaring that the defendant is obligated to participate in the appraisal procedure to determine the rental amount for the renewal term and on the second cause of action for specific performance directing the defendant to participate in the appraisal procedure (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]).

Pursuant to the plain and unambiguous provisions of the lease, the plaintiffs were entitled, during the renewal term, to the amount of annual rent specified in article XXV, § 4 (a), to be determined in accordance with the appraisal procedure set forth in section 4 (b) of the lease. Contrary to the defendant's contention, the plaintiffs did not waive their right to receive the bargained-for rent amount, particularly in light of the lease's clear and unambiguous "no waiver" clause in article XVI, § 3 thereof (*see Town of Hempstead v Incorporated Vil. of Freeport*, 15 AD3d 567 [2005]; *Renali Realty Group 3 v Robbins MBW Corp.*, 259 AD2d 682 [1999]; *510 Joint Venture v Solcoor, Inc.*, 177 AD2d 465 [1991]).

In addition, contrary to the defendant's contention, the plaintiffs' third cause of action, which is for unpaid rent since the commencement of the renewal term, was not time-barred, inasmuch as the instant action was commenced less than six

years after the first payment of rent became due following the commencement of the renewal term (*see* CPLR 213; *Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 45 [1995]; *Phoenix Acquisition Corp. v Campcore, Inc.*, 81 NY2d 138 [1993]). However, the precise amount of unpaid rent owed to the plaintiffs cannot be determined until the appraisal procedure has been completed. In addition, the "legal costs and charges, including counsel fees" to which the plaintiffs are entitled pursuant to article VII, § 2 of the lease also cannot be determined at this juncture.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of an interlocutory judgment declaring that the defendant is obligated to participate in the appraisal procedure set forth in the lease (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]) and, upon completion of the appraisal procedure set forth in article XXV, § 4 (b) of the lease, for further proceedings on the plaintiffs' remaining causes of action (*see Matter of Town of Islip v Cuomo*, 64 NY2d 50, 52-53, 58 [1984]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.