■ ADB MANAGEMENT, LLC, Doing Business as ELYSEE INVESTMENT, Appellant-Respondent, v GARDENBERRY, INC., Respondent-Appellant. [829 NYS2d 574]—

In an action for a judgment declaring the parties' respective rights under a commercial lease and related injunctive relief, (1)

the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated October 27, 2005, as denied its cross motion for summary judgment on the first and second causes of action and directed it to file a note of issue, and (2) the defendant cross-appeals from so much of the same order as denied its motion, in effect, for summary judgment on its first and second counterclaims and directed the plaintiff to file a note of issue.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof directing the plaintiff to file a note of issue, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment on the first cause of action and substituting therefor a provision granting that branch of the plaintiff's cross motion to the extent of declaring that the defendant's appraisal of the subject property did not constitute the exclusive basis to determine the rental during the renewal term of the subject lease, and that a third appraiser must be appointed as provided for in article 2 (B) of the subject lease in order to determine the renewal term rent, and otherwise denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff.

The plaintiff (hereinafter the landlord) and the defendant (hereinafter the tenant) are parties to a commercial lease which, inter alia, grants the tenant an option to renew the lease for a further 10-year term, based on a minimum guaranteed rent amount equal to $31,000, plus eight percent of the value of the underlying land at the beginning of the renewal period, to be determined pursuant to a detailed reappraisal procedure set forth in the lease. The tenant's right to exercise the renewal option depends upon completion of the agreed-upon reappraisal procedure.

The tenant timely initiated the reappraisal procedure by calling upon the landlord to have the land appraised. Upon the landlord's failure to respond to that request within the time prescribed in the lease, the tenant declared the landlord to be in default, retained its own appraiser to appraise the land, and, upon declaring itself satisfied with its appraiser's report, purported to exercise its option to renew. The landlord rejected the tenant's purported renewal as defective and had a different appraiser prepare an appraisal. The tenant, in turn, rejected the landlord's appraisal as superfluous, and this litigation ensued.

The subject lease provided that the rent payable during the renewal period would be based on "the then land value as

determined by appraisal according to the appraisal procedure hereinafter provided." The appraisal procedure, in turn, called for input from *both* parties and, in case of disagreement, for additional input from independent third parties. Contrary to the tenant's contention, the landlord's delay in naming its appraiser did not give the tenant the unilateral right to fix the rent amount for the next 10 years, thereby, in effect, depriving the landlord of the benefit of the bargained-for rent (*see IG Second Generation Partners, LP v Kaygreen Realty Co.*, 22 AD3d 463 [2005]). Rather, because the tenant's right to exercise its renewal option unquestionably depends upon completion of the agreed-upon appraisal procedure, it follows that the proper outcome in this case is to extend the tenant's option until such time as the appraisal process is completed (*see Trustees of Columbia Univ. v Kalvin*, 250 NY 469 [1929]; *IG Second Generation Partners, LP v Kaygreen Realty Co., supra*). Accordingly, the court properly denied the tenant's motion for summary judgment on its first and second counterclaims. However, the court should have granted that branch of the landlord's cross motion which was for summary judgment on the first cause of action to the extent indicated.

The parties' remaining contentions are without merit. Mastro, J.P., Florio, Fisher and Dillon, JJ., concur.