REP A8 LLC, Appellant, v AVENTURA TECHNOLOGIES, INC., Respondent, et al., Defendant. [893 NYS2d 83]—

In this action to recover damages for the breach of two commercial leases, the plaintiff (hereinafter the landlord) alleged in the complaint that the defendant Aventura Technologies, Inc. (hereinafter the tenant), abandoned both premises prior to the expiration of the leases, that it commenced two summary dispossess proceedings for nonpayment of rent and, upon the tenant's failure to appear in those proceedings, the District Court entered judgments of possession in its favor. In its answer here, the tenant failed to offer any response to those allegations and, thus, they are deemed admitted (*see* CPLR 3018 [a]; *Human Dev. Servs. of Port Chester v Zoning Bd. of Appeals of Vil. of Port Chester*, 67 NY2d 702, 705 [1986]; *Santiago v County of Suffolk*, 280 AD2d 594, 594-595 [2001]). Moreover, as a consequence of the tenant's default in appearing in the District Court, the landlord's allegations in the summary dispossess proceedings that the tenant had breached the provisions of both leases requiring payment of rent were deemed admitted (*see Lancer Ins. Co. v Whitfield*, 61 AD3d 724, 725 [2009]; *Lamm v Stevenson*, 276 AD2d 531 [2000]). In support of its motion for summary judgment on the issue of the tenant's liability in this action, the landlord relied upon the pleadings and the two judgments of the District Court. With this evidence, the landlord made a prima facie showing of entitlement to judgment as a matter of law on the issue of the tenant's liability for breach of the provisions of both leases requiring payment of rent (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In opposition, the tenant adduced no evidence that it had paid the rents alleged in the petitions filed in connection with the summary dispossess proceedings to be due and owing, nor did it otherwise contest the validity of the judgments in those proceedings. With respect to one of the leases, the tenant's principal averred only that the base rent had been paid for a period of time other than that covered by the summary dispossess proceedings. With respect to the second lease, the tenant's principal averred that he had furnished names of prospective

tenants to occupy the space for the balance of the term, and that the landlord had unreasonably withheld consent to an assignment of the lease. The second lease contained an express restriction against assignment without the landlord's written consent but had no clause prohibiting the landlord from unreasonably withholding consent. The landlord, thus, was within its rights under the terms of the lease to withhold its consent to an assignment (*see Caridi v Markey,* 148 AD2d 653, 654 [1989]). Moreover, "[o]nce the tenant abandoned the premises prior to the expiration of the lease . . . the landlord was within its rights under New York law to do nothing and collect the full rent due under the lease" (*see Holy Props. v Cole Prods.,* 87 NY2d 130, 134 [1995]; *see also Rios v Carrillo,* 53 AD3d 111, 113 [2008]). Accordingly, the tenant's affidavit in opposition failed to raise a triable issue of fact as to its liability for breach of the rent provisions of both leases (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Contrary to the Supreme Court's holding, the tenant failed to raise a triable issue of fact as to whether the landlord's failure to mitigate damages by reletting the premises or accepting the assignees proposed by the tenant breached an implied covenant of good faith. "In the case of every contract there is an implied undertaking on the part of each party that he [or she] will not intentionally and purposely do anything to prevent the other party from carrying out the agreement on his [or her] part" (*Patterson v Meyerhofer,* 204 NY 96, 100 [1912]; *see Chemical Bank v Stahl,* 272 AD2d 1, 14 [2000]). Here, however, the landlord acted within its rights in refusing to accept an assignment of the second lease and did nothing to prevent the tenant from performing its obligations under the second lease, most notably its obligation to pay the rent. Nor did the tenant raise a triable issue of fact as to whether there had been a surrender of the two leases by operation of law. The landlord acted at all times consistently with the landlord-tenant relationship as defined by the terms of the two leases and, thus, did not evince an intent to deem the leases terminated (*see Riverside Research Inst. v KMGA, Inc.,* 68 NY2d 689, 691-692 [1986]).

The landlord also alleged breach of a provision in the first lease requiring the tenant, upon the landlord's election, to remove all improvements and alterations at the tenant's expense. The landlord made a prima facie showing of entitlement to judgment as a matter of law on the issue of the tenant's liability for breach of this provision with evidence that the landlord notified the tenant of its election, and that the tenant failed to remove its alterations and improvements, causing it to

incur expense in restoring the premises. In opposition, the tenant's principal admitted that the alterations had not been removed, but alleged that the premises were left in a substantially improved condition to the landlord's benefit. The tenant, thus, in effect, admitted to a breach of the relevant provision of the first lease, and failed to raise a triable issue of fact as to its liability under this cause of action. The dispute concerning whether and to what extent the landlord has been injured by the tenant's breach is a matter to be litigated at the trial on the issue of damages.

Under both leases, the landlord is entitled to a reasonable attorney's fee in the event that it prevails in any legal action brought against the tenant for breach of the rent provisions. As the landlord has established entitlement to judgment as a matter of law on the issue of the tenant's liability for breach of the two leases, the landlord has, thus, also established entitlement to a reasonable attorney's fee in this action, the amount to be determined at the trial on the issue of damages. Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.