In an action to recover damages for breach of a commercial lease, the plaintiff appeals, as limited by its brief, from so much of an amended judgment of the Supreme Court, Nassau County (Marber, J.), entered May 27, 2011, as, upon a decision of the same court dated January 7, 2011, made after a nonjury trial on the issue of damages, is in favor of it and against the defendant in the principal sum of only $154,613.55.
Ordered that the amended judgment is reversed insofar as appealed from, on the facts, with costs, the plaintiff is awarded the principal sum of $700,620.05, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate second amended judgment.
On December 1, 2006, the defendant entered into a lease to rent space in a commercial building owned by the plaintiff for a term of 10 years and 3V2 months. At the time the parties entered into the lease, the defendant intended to renovate the leased space into dental offices. However, it is undisputed that, shortly after taking possession, the defendant decided not to proceed with the renovation project and notified the plaintiff that it no longer wished to lease space in the premises. After unsuccessfully attempting to find a subtenant, the defendant surrendered possession of its leased space to the plaintiff in July 2008 and ceased paying rent. The plaintiff then notified the defendant that it was invoking the acceleration clause of the lease, and demanded payment of the full amount of base rent due for the remainder of the lease term.
The plaintiff subsequently commenced this action seeking to recover damages for breach of the lease and moved for summary judgment on the complaint. The Supreme Court granted the plaintiffs motion, concluding that the parties had freely bargained for the inclusion of a clause in the lease whereby the rent for the remainder of the lease term would be accelerated in the event the defendant breached its obligation to pay rent, and that the defendant had failed to demonstrate the existence of any circumstances which would relieve it of the consequences of its bargain and subsequent default. The action then proceeded to a nonjury trial on the issue of damages. In a decision after *935 trial dated January 7, 2011, the Supreme Court “equitably” limited damages by awarding the plaintiff the principal sum of $154,613.55, essentially representing past due rent from the time of the breach to the time of the commencement of the damages trial. The Supreme Court’s decision to limit damages was based on a finding that the plaintiff had breached the lease’s implied covenant of good faith by removing a portion of a “for rent” sign which the defendant had placed in the window of the leased premises in April 2007, thereby frustrating the defendant’s efforts to find a subtenant. The portion of the sign removed by the plaintiff stated “no reasonable offer rejected.” The plaintiff contends that the Supreme Court erred in denying it recovery of the full balance of rent due for the entire term of the lease. We agree.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Pernell v 287 Albany Ave., LLC, 95 AD3d 1094 [2d Dept 2012]; Parr v Ronkonkoma Realty Venture I, LLC, 65 AD3d 1199, 1201 [2009]). Here, the facts adduced at the damages trial do not support a finding that the plaintiff frustrated the defendant’s efforts to find a subtenant in violation of the lease’s implied covenant of good faith (see REP A8 LLC v Aventura Tech., Inc., 68 AD3d 1087, 1089 [2009]). Although the plaintiffs principal testified that he removed the portion of the defendant’s “for rent” sign which stated “no reasonable offer rejected,” he did not remove the sign in its entirety, and the defendant presented no evidence that the partial removal of the sign impeded its efforts to find a subtenant. Moreover, this language was removed from the sign in or about April 2007, more than one year before the defendant breached the lease by ceasing to pay rent, and while the plaintiff was also actively seeking a new tenant for the leased space. Under these circumstances, there is no basis to relieve the defendant of its contractual obligation to pay the full balance of the entire rent due under the lease as liquidated damages pursuant to an enforceable acceleration clause (see generally Fifty States Mgt. Corp. v Pioneer Auto Parks, 46 NY2d 573, 577 [1979]; Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 423-424 [1977]; Benderson v Poss, 142 AD2d 937 [1988]). Accordingly, the plaintiff is entitled to recover liquidated damages in the principal sum of $700,620.05 pursuant to the acceleration clause, and we remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate second *936 amended judgment. Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.