In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), dated June 16, 2015, which denied its motion for summary judgment on the complaint.
 

 Ordered that the order is reversed, on the law, with costs, and the plaintiff’s motion for summary judgment on the complaint is granted.
 

 The plaintiff alleged that the defendant Rosie Lue conveyed her interest in the subject real property to the defendant Herman N. Duhaney at a closing that took place on January 22, 2008. On that day, Duhaney also obtained a mortgage loan from the plaintiff and granted the plaintiff a mortgage against the subject property. The deed, however, was never recorded in Queens County and presumably was lost or misplaced. As a result, Lue has remained a record owner of the premises.
 

 The plaintiff commenced this action, alleging that in order for it to fully enforce and obtain the benefit of its mortgage lien on the premises, the sole record title of Duhaney must be established, subject to the plaintiff’s mortgage. The plaintiff requested a judgment directing that the defendants and every person or entity claiming under them were barred from all claims to an estate or interest in the property superior to the plaintiff’s mortgage, extinguishing Lue’s record interest in the premises, declaring Duhaney to be the sole fee owner of the premises subject to the mortgage, and directing the Queens County Office of the New York City Register to accept a copy of the January 22, 2008, deed for recording.
 

 In his answer, Duhaney neither denied, nor denied knowledge and information sufficient to form a belief as to the truth of, the allegations contained in paragraphs 8, 9, and 12 of the complaint, which asserted the existence and validity of the January 22, 2008, deed and the plaintiff’s mortgage, and that the January 22, 2008, deed was never recorded and has presumably been lost or misplaced. As a result, those allegations were deemed admitted (see CPLR 3018 [a]; REP A8 LLC v Aventura Tech., Inc., 68 AD3d 1087, 1088 [2009]).
 

 Contrary to Duhaney’s contention, under the circumstances presented, the plaintiff’s motion papers, which included, inter alia, copies of the complaint as well as Duhaney’s answer, were sufficient to establish the plaintiff’s prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; REP A8 LLC v Aventura Tech., Inc., 68 AD3d at 1088). In opposition, Duhaney failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the plaintiff’s motion for summary judgment on the complaint (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
 

 Chambers, J.P., Roman, Miller and Duffy, JJ., concur.