VRA Family L.P. v Salon Mgt. USA, LLC (2020 NY Slip Op 02639)





VRA Family L.P. v Salon Mgt. USA, LLC


2020 NY Slip Op 02639


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-09206
 (Index No. 604223/16)

[*1]VRA Family Limited Partnership, respondent,
v
Salon Management USA, LLC, et al., appellants.


Nixon Peabody LLP, New York, NY (Daniel A. Schnapp and Shelby Nace of counsel), for appellants.
Manmohan K. Bakshi, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for breach of a commercial lease, the defendants appeal from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered July 5, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the first, second, fourth, and fifth causes of action, including prejudgment interest.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 12, 2006, the plaintiff entered into a 10-year lease with the defendant Salon Management USA, LLC (hereinafter Salon), for the lease of certain commercial premises, commencing on March 1, 2006. On the same date as the execution of the lease agreement, the defendant James Oliver, who is a member and the CEO of Salon, and the defendant John Haaland, who is a member and the president of Salon, entered into limited personal guaranties of the lease.
In June 2016, the plaintiff commenced this action, alleging, inter alia, that on November 27, 2013, Salon vacated and abandoned the premises and, prior to abandoning the premises, demolished certain improvements to the premises without the plaintiff's consent. As relevant to this appeal, the first cause of action sought to recover unpaid rent, the second cause of action sought to recover late fees, the fourth cause of action sought to recover unpaid insurance premiums under the lease, and the fifth cause of action sought to recover damages for physical damage to the premises. The plaintiff sought to recover against Salon for breach of the lease, and against Oliver and Haaland pursuant to their personal guaranties.
In June 2018, the plaintiff moved, inter alia, for summary judgment on the complaint. The defendants opposed the motion, arguing, among other things, that Salon had assigned the lease to nonparty Ocean Beach Spa, Inc. (hereinafter OBS), with the plaintiff's knowledge and consent, and therefore, the defendants could not be liable for any breach of the lease agreement. The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the first, second, fourth, and fifth causes of action, including prejudgment interest. The court directed that all remaining issues, including damages, would proceed to trial. The defendants appeal.
We agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the stated causes of action. The plaintiff established, prima facie, Salon's liability on these causes of action through, inter alia, a signed copy of the lease, as well as evidence of unpaid rent, late fees, unpaid insurance premiums, and damage to the premises (see REP A8 LLC v Aventura Tech., Inc., 68 AD3d 1087, 1088; Key Equip. Fin., Inc. v South Shore Imaging, Inc., 39 AD3d 595, 596; see also Thor Gallery at S. Dekalb, LLC v Reliance Mediaworks [USA] Inc., 143 AD3d 498, 498). Further, the plaintiff established, prima facie, that the assignment of the lease without the plaintiff's written consent was prohibited by the express terms of the lease and that the plaintiff did not provide the required consent (see generally Paramount Leasehold, L.P. v 43rd St. Deli, Inc., 136 AD3d 563, 568).
In opposition, the defendants failed to raise a triable issue of fact regarding the plaintiff's alleged waiver of the nonassignment and nonwaiver provisions of the lease. "A waiver is the voluntary abandonment or relinquishment of a known right" (Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446). "While waiver may be inferred from the acceptance of rent in some circumstances, it may not be inferred, and certainly not as a matter of law, to frustrate the reasonable expectations of the parties embodied in a lease when they have expressly agreed otherwise" (id. at 446; see Matter of Georgetown Unsold Shares, LLC v Ledet, 130 AD3d 99, 104). Here, section 9 of the lease provided, as relevant, that the "receipt by the landlord of rent, with knowledge of the breach of any covenant thereof, shall not be deemed a waiver of such breach and no waiver by the landlord of any provision hereof, shall be deemed to have been made unless expressed in writing and signed by the landlord." Section 10 of the lease provided, inter alia, that if the lease were assigned, or if the premises were occupied by anyone other than Salon, then the plaintiff may collect rent from the assignee, under-tenant or occupant, but "no such collection shall be deemed a waiver of the covenant herein against assignment and underletting or the acceptance of the assignee, under-tenant or occupant as tenant, or a release of the tenant from the further performance by the tenant of the covenants herein contained on the part of the tenant." Thus, contrary to the defendants' contentions, the plaintiff's acceptance of rent from OBS cannot be deemed a waiver or an acceptance of OBS as the assignee of the lease under the clear and unambiguous language of the lease (see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d at 446; IG Second Generation Partners, LP v Kaygreen Realty Co., 22 AD3d 463, 465; Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave., 1 AD3d 65, 70; Renali Realty Group 3 v Robbins MBW Corp., 259 AD2d 682, 683). Similarly, the defendants failed to establish that the plaintiff's alleged direct communications with OBS indicated a clear manifestation of intent to waive the nonassignment and nonwaiver provisions of the lease (see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104; Paramount Leasehold, L.P. v 43rd St. Deli, Inc., 136 AD3d at 568; Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave., 1 AD3d at 70; 510 Joint Venture v Solcoor, Inc., 177 AD2d 465, 466-467).
Further, even if the defendants had raised triable issues of fact regarding the plaintiff's alleged inferred consent to the assignment, "[a]n assignment of a lease by the lessee does not release the lessee of its obligations under the assigned lease absent an express agreement to that effect or one that can be implied from facts other than the lessor's mere consent to the assignment and its acceptance of rent from the assignee" (City of New York v Evanston Ins. Co., 129 AD3d 760, 760; see Worldcom, Inc. v Prepay USA Telecom, Corp., 294 AD2d 157, 158; Mandel v Fischer, 205 AD2d 375, 375; 185 Madison Assoc. v Ryan, 174 AD2d 461, 461; Goldome v Bonuch, 112 AD2d 1025, 1026). The defendants failed to raise a triable issue of fact as to the existence of an express agreement, or as to any facts from which such an agreement could be implied, by which Salon was released from its obligations under the lease after the alleged assignment (see City of New York v Evanston Ins. Co., 129 AD3d 760).
To the extent that the defendants argue that the liability of Oliver and Haaland is limited by the terms of the guaranties because Salon had fulfilled its obligations under the lease as of the date that the premises were surrendered and there was no physical damage to the premises, these arguments go to the issue of damages. In the order appealed from, the Supreme Court denied those branches of the plaintiff's motion and expressly provided that damages would be determined at trial.
The defendants' remaining contentions are without merit.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court