Yong Lee v Nextcom Constr., Inc. (2023 NY Slip Op 04446)

Yong Lee v Nextcom Constr., Inc.

2023 NY Slip Op 04446

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-03464
 (Index No. 711460/20)

[*1]Yong Lee, appellant, 
v
Nextcom Construction, Inc., et al., respondents.

Leonard A. Sclafani, New York, NY, for appellant.
Hahn Eisenberger PLLC, Brooklyn, NY (Elliot Hahn of counsel), for respondents.

DECISION & ORDER
In an action to recover on a promissory note and a guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered May 12, 2021. The order denied the plaintiff's motion for summary judgment in lieu of complaint.
ORDERED that the order is affirmed, with costs.
On September 5, 2017, the defendant Nextcom Construction, Inc. (hereinafter Nextcom), executed a promissory note in favor of the plaintiff in the amount of $194,169.75. The defendant Sang Joon Lee executed a personal guaranty of the note. More than two years after the defendants allegedly defaulted on the note and the guaranty, the plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to recover on the note and the guaranty. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"Under CPLR 3213, a plaintiff establishes its prima facie entitlement to judgment as a matter of law with respect to a promissory note if it 'show[s] the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms'" (Porat v Rybina, 177 AD3d 632, 632, quoting Lugli v Johnston, 78 AD3d 1133, 1135). "Once a plaintiff has established its prima facie entitlement to judgment as a matter of law, 'the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense'" (Porat v Rybina, 177 AD3d at 632, quoting Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting the note executed by Nextcom and the guaranty executed by Sang Joon Lee, which each contained an unconditional obligation to repay the plaintiff by a certain date, and the plaintiff's affidavit, in which he averred that the defendants had defaulted on the note and the guaranty (see Lugli v Johnston, 78 AD3d at 1135). However, in opposition, the defendants raised a triable issue of fact by submitting an affidavit of Sang Joon Lee, wherein he averred that the note does not represent a true loan between the parties. Rather, according to Sang Joon Lee, the parties had an existing business relationship pursuant to a construction contract, and the $194,169.75 which was the subject of the note was already due to the defendants under their original construction contract (see generally Yonkers Rib House, Inc. v 1789 Cent. Park Corp., 19 AD3d 687, 688).
Further, contrary to the plaintiff's contention, the Supreme Court did not err in considering the documentary evidence submitted by the defendants in opposition. "[A] party to an alleged contract is 'entitled to use parol evidence to show that what appears to be a contractual obligation is, in fact, no obligation at all'" (Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 679, quoting Del Carmen Libasci v Singares, 128 AD3d 1239, 1241 [internal quotation marks omitted]; see Paolangeli v Cowles, 208 AD2d 1174, 1175). "Although parol evidence may not be admitted to contradict, vary, add to, or subtract from the terms of a written agreement, such evidence is admissible to show that 'a writing, although purporting to be a contract, is, in fact, no contract at all'" (Salzstein v Salzstein, 70 AD3d 806, 807, quoting Dayan v Yurkowski, 238 AD2d 541, 541).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment in lieu of complaint.
The defendants' remaining contention need not be reached in light of our determination.
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court