Shami v Grocery Leasing Corp. (2024 NY Slip Op 02552)

Shami v Grocery Leasing Corp.

2024 NY Slip Op 02552

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-00163
 (Index No. 620171/21)

[*1]Joseph Shami, appellant, 
v
Grocery Leasing Corp., et al., respondents.

Pinks, Lipshie & White, Hauppauge, NY (Harold I. Guberman of counsel), for appellant.
Kaplan Levenson P.C., New York, NY (Steven M. Kaplan of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated November 22, 2022. The order, insofar as appealed from, denied the plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the defendant Grocery Leasing Corp., and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2016, the plaintiff leased premises it owned, located at 203 Carlton Avenue in East Islip (hereinafter the subject premises), to 203 Islip Food Corp. (hereinafter 203 Islip) to operate a supermarket. In July 2019, pursuant to the terms of a collateral assignment of lease and conditional assumption agreement (hereinafter the collateral assignment agreement), the defendant Grocery Leasing Corp. (hereinafter Grocery Leasing) elected to assume the lease between the plaintiff and 203 Islip (hereinafter the lease agreement) from 203 Islip. Grocery Leasing then subleased the subject premises to Good Luck Food Corp. (hereinafter Good Luck Food). In or around December 2020, Grocery Leasing purported to assign the lease agreement to Good Luck Food. Subsequently, Good Luck Food went out of business and vacated the subject premises, and the plaintiff did not receive rent payments for the months of June, July, or August 2021.
Thereafter, the plaintiff commenced this action against Grocery Leasing and the defendant General Trading Co., Inc. (hereinafter General Trading), to recover damages for breach of the lease agreement. The defendants moved for summary judgment dismissing the complaint and the plaintiff cross-moved for summary judgment on the issue of liability against the defendants. In an order dated November 22, 2022, the Supreme Court denied the defendants' motion, and the plaintiff's cross-motion. The plaintiff appeals from so much of the order as denied the cross-motion.
"The essential elements of a cause of action to recover damages for breach of contract [*2]are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 873 [internal quotation marks omitted]). "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent, and the best evidence of what parties to a written agreement intend is what they say in their writing" (Yeled V'Yalda Early Childhood Ctr., Inc. v Attentive Behavior Mental Health Counseling, P.C., 208 AD3d 1209, 1210 [alterations and internal quotation marks omitted]). "[I]n the context of real property transactions, where . . . commercial certainty is a paramount concern, and where the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length," a reviewing court "should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include" (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [internal quotation marks omitted]).
"An assignment of a lease by the lessee does not release the lessee of its obligations under the assigned lease absent an express agreement to that effect or one that can be implied from facts other than the lessor's mere consent to the assignment and its acceptance of rent from the assignee" (City of New York v Evanston Ins. Co., 129 AD3d 760, 760; see VRA Family L.P. v Salon Mgmt. USA, LLC, 183 AD3d 614, 616).
Here, the plaintiff established, prima facie, that Grocery Leasing was liable for breach of the lease agreement through the submission of, among other things, the lease agreement, the collateral assignment agreement, and a letter to the plaintiff from a law firm representing Grocery Leasing, stating that Grocery Leasing elected to assume the lease agreement pursuant to the terms of the collateral assignment agreement. In opposition, the defendants failed to raise a triable issue of fact on the issue of Grocery Leasing's liability. Contrary to the defendants' contentions, neither the plain terms of the collateral assignment agreement nor the purported assignment of the lease agreement by Grocery Leasing to Good Luck Food raised a triable issue of fact as to whether Grocery Leasing had been released from its obligations under the lease agreement it had voluntarily elected to assume (see VRA Family L.P. v Salon Mgmt. USA, LLC, 183 AD3d at 617; City of New York v Evanston Ins. Co., 129 AD3d at 760-761).
The plaintiff, however, failed to demonstrate, prima facie, that General Trading was also liable for breach of the lease agreement, as the principal for Grocery Leasing or otherwise through privity between the parties (see Fils-Aime v Ryder TRS, Inc., 40 AD3d 917, 918; Key Intl. Mfg. v Morse/Diesel, Inc., 142 AD2d 448, 454; see also Guangzhou Sanhua Plastic Co., Ltd. v Fine Line Prods. Corp., 165 AD3d 899, 901). Since the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability against General Trading, we need not consider the sufficiency of the defendants' opposition papers in relation thereto (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The issues of damages, including the alleged property damage to the subject premises, is not properly before this Court, as the plaintiff did not cross-move for summary judgment on that issue.
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court