Pace v Robertson (2025 NY Slip Op 01100)

Pace v Robertson

2025 NY Slip Op 01100

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-02862
2023-02864
2023-02865
2023-02866
 (Index No. 606542/21)

[*1]Nunzio Pace, et al., respondents, 
v
Raymond F. Robertson, et al., appellants.

Wenig Saltiel LLP, New York, NY (Howard S. Bonfield of counsel), for appellants.
Barnes & Barnes, P.C., Melville, NY (Leo K. Barnes, Jr., and Morgan Weber of counsel), for respondents.

DECISION & ORDER
In an action to recover on two promissory notes and two personal guaranties, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered July 20, 2022, (2) a judgment of the same court dated December 19, 2022, (3) a judgment of the same court also dated December 19, 2022, and (4) a judgment of the same court entered February 7, 2023. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were for summary judgment in lieu of complaint and for an award of attorneys' fees. The first judgment dated December 19, 2022, upon the order, is in favor of the plaintiffs and against the defendants Raymond F. Robertson, A & L & J Service Center, Inc., and Meryl L. Wenig in the total sum of $384,892.46. The second judgment dated December 19, 2022, upon the order, is in favor of the plaintiffs and against the defendants Raymond F. Robertson, 2100 Bellmore, LLC, and Meryl L. Wenig in the total sum of $230,935.69. The judgment entered February 7, 2023, upon the order, is in favor of the plaintiffs and against the defendants Raymond F. Robertson, 2100 Bellmore, LLC, and Meryl L. Wenig in the principal sum of $43,319.09, representing an award of attorneys' fees.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgments dated December 19, 2022, are affirmed; and it is further,
ORDERED that the judgment entered February 7, 2023, is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the amount of attorneys' fees to be awarded in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (see Matter of Aho, 39 NY2d 241, [*2]248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In August 2014, the plaintiff Nunzio Pace agreed to sell his auto repair business, A & L & J Service Center, Inc. (hereinafter A & L & J), to the defendant Raymond F. Robertson, and Nunzio and the plaintiff Filomena Pace agreed to sell the property on which A & L & J operated (hereinafter the realty) to the defendant 2100 Bellmore, LLC (hereinafter Bellmore). Robertson executed a promissory note in the sum of $500,000 in his personal capacity and as the new president of A & L & J to secure the sale of the business (hereinafter the stock purchase promissory note). To induce the sale, the defendant Meryl L. Wenig executed a personal guaranty accepting liability for all obligations under the stock purchase promissory note. Wenig executed a promissory note in the sum of $300,000 in her capacity as a member of Bellmore to secure the sale of the realty (hereinafter the realty purchase promissory note). Robertson and Wenig executed a personal guaranty accepting liability for all obligations under the realty purchase promissory note. In addition, Bellmore delivered a mortgage on the realty to the plaintiffs to further secure the payment of the promissory notes.
By letter dated March 26, 2021, the plaintiffs informed Bellmore that it was in default in payment for more than 15 days and that they had elected to accelerate the entire principal and interest due pursuant to the terms of the mortgage agreement. The plaintiffs demanded that Bellmore pay the entire outstanding balance and interest in the sum of $541,619.47 by April 9, 2021.
In May 2021, the plaintiffs commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to recover on the promissory notes and the personal guaranties. In an order entered July 20, 2022, the Supreme Court, inter alia, granted those branches of the plaintiffs' motion which were for summary judgment in lieu of complaint and for an award of attorneys' fees, and directed the plaintiffs' attorney to submit an affirmation of legal services. In two judgments, both dated December 19, 2022, the court awarded the plaintiffs the total sums of $384,892.46 with respect to the stock purchase promissory note and $230,935.69 with respect to the realty purchase promissory note. In a judgment entered February 7, 2023, the court awarded the plaintiffs the sum of $43,319.09 in attorneys' fees. The defendants appeal.
"Under CPLR 3213, a plaintiff establishes its prima facie entitlement to judgment as a matter of law with respect to a promissory note if it 'show[s] the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure of the defendant to pay in accordance with the note's terms'" (Porat v Rybina, 177 AD3d 632, 632, quoting Lugli v Johnston, 78 AD3d 1133, 1135; see Yong Lee v Nextcom Constr., Inc., 219 AD3d 937, 937-938). "Once a plaintiff has established its prima facie entitlement to judgment as a matter of law, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue of fact with respect to a bona fide defense" (Yong Lee v Nextcom Constr., Inc., 219 AD3d at 938 [internal quotation marks omitted]; see Torto Note Member, LLC v Babad, 192 AD3d 843, 844).
Here, the Supreme Court, in effect, determined, and the parties do not dispute, that the plaintiffs established their prima facie entitlement to judgment as a matter of law with respect to the promissory notes. In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiffs waived their right to declare a default and to accelerate the debt due under the promissory notes by accepting late payments. "A waiver, the intentional relinquishment of a known right, may be accomplished by express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage" (Hadden v Consolidated Edison Co. of N.Y., 45 NY2d 466, 469 [citation omitted]; see Cavayero v Cavayero, 184 AD3d 801, 802). However, "[w]aiver . . . should not be lightly presumed and must be based on a clear manifestation of intent to relinquish a contractual protection" (Stassa v Stassa, 123 AD3d 804, 805 [internal quotation marks omitted]; see Del Vecchio v Del Vecchio, 219 AD3d 572, 577). Further, waiver "may not be inferred . . . to frustrate the reasonable expectations of the parties embodied in a [contract] when they have expressly agreed otherwise" (Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 [*3]NY2d 442, 446; see VRA Family L.P. v Salon Mgt. USA, LLC, 183 AD3d 614, 616).
Here, the promissory notes and the personal guaranties expressly provided that the obligations thereunder could not be changed orally, and the personal guaranties expressly provided that no failure on the part of the plaintiffs to exercise their rights thereunder would operate as a waiver. "Where, as here, a written agreement contains a clause prohibiting oral modification, an alleged oral modification will be deemed enforceable 'only if there is part performance that is unequivocally referable to the oral modification'" (Del Vecchio v Del Vecchio, 219 AD3d at 577, quoting Parker v Navarra, 102 AD3d 935, 936). Robertson's averments that the plaintiffs accepted late payments due to financial hardship during the height of the COVID-19 pandemic were insufficient to raise a triable issue of fact as to an enforceable oral modification of the defendants' obligations under the promissory notes and the personal guaranties. Thus, Nunzio's alleged oral acceptance of late payments failed to raise a triable issue of fact as to whether the plaintiffs waived the right to declare default and accelerate the debt due (see VRA Family L.P. v Salon Mgt. USA, LLC, 183 AD3d at 616). Further, the defendants' submission of emails from Nunzio regarding late payments was insufficient to raise a triable issue of fact as to waiver, since the emails did not demonstrate an unequivocal intent to waive the right to declare default and accelerate the debt due (see Matter of Georgetown Unsold Shares, LLC v Ledet, 130 AD3d 99, 105). Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment in lieu of complaint.
However, the Supreme Court erred in awarding the plaintiffs attorneys' fees for services rendered to recover attorneys' fees. "[A]n award of attorneys' fees for the costs incurred in prosecuting a claim for an award of attorneys' fees, so called 'fees on fees,' must be based upon a specific contractual provision or statute" (Matter of Lillian G. [Steven G.—Gary G.], 208 AD3d 871, 875; see IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 643). In "the absence of unmistakably clear intent regarding the recovery of fees on fees, a right to recover those fees should not be implied" (IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d at 643). Here, neither the promissory notes nor the mortgage agreement demonstrate an unmistakable clear intent regarding fees on fees (see Matter of Lillian G.[Steven G.—Gary G.], 208 AD3d at 875). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing and determination on the amount of reasonable attorneys' fees to be awarded, without the inclusion of attorneys' fees incurred in prosecuting that branch of the plaintiffs' motion which was for an award of attorneys' fees (see Mulholland v Moret, 161 AD3d 883, 885).
The parties' remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court